EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Noel Ríos Nieves<br><br>Recurrido | Certiorari<br><br>2022 TSPR 49<br><br>209 DPR ____ |

Número del Caso: CC-2019-776

Fecha: 20 de abril de 2022

Tribunal de Apelaciones:

    Panel II

Oficina del Procurador General:

    Lcdo. Isaías Sánchez Báez
    Procuradora General

    Lcda. Marie Díaz De León
    Procuradora General Auxiliar

Abogado de la parte recurrida:

    Lcdo. Ivandeluis Miranda Vélez

Materia: Procedimiento Criminal – Requisito de firma del juez o jueza en la minuta que contiene una determinación interlocutoria. Efecto sobre el término para solicitar revisión del dictamen interlocutorio.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico | | |
| Peticionario | | |
| v. | | |
| Noel Ríos Nieves | CC-2019-0776 | *Certiorari* |
| Recurrido | | |

**El Juez Asociado señor Rivera García emitió la Opinión del Tribunal.**

En San Juan, Puerto Rico a 20 de abril de 2022.

En esta ocasión tenemos la oportunidad de pautar si una determinación interlocutoria dictada en corte abierta en un procedimiento criminal ante el Tribunal de Primera Instancia requiere la firma del juez o jueza que la emitió para que pueda constar válidamente en una minuta del tribunal. Además, debemos determinar si el término para solicitar revisión sobre un dictamen interlocutorio del foro primario recogido en la transcripción de una minuta de un procedimiento criminal que no fue firmado por el juez o la jueza que la emitió comienza a decursar a partir de la fecha de la notificación oficial de la minuta a las partes, aprobada con la firma del juez o jueza que emitió el dictamen.

Por los fundamentos que proceden, resolvemos ambos cuestionamientos en la afirmativa. De esta forma, aclaramos

CC-2019-0776

y detallamos el alcance de la norma pautada en Pueblo v. Rodríguez Ruiz, *infra*, y la adaptamos con la Regla 32(b) de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, *infra*.

A continuación, exponemos los hechos que dieron origen al recurso ante nuestra consideración.

## I

Por hechos ocurridos el 3 de septiembre de 2018, el Ministerio Público (Ministerio Público o peticionario) presentó denuncias por violaciones a la Ley de Sustancias Controladas contra el Sr. Noel Ríos Nieves (señor Ríos Nieves o recurrido) y la Sra. Evily L. Ferrer Herrera (señora Ferrer Herrera) ante el Tribunal de Primera Instancia.[1] Posteriormente, durante la etapa de Vista Preliminar, el foro primario encontró causa para juicio contra ambos coacusados.

Previo a la celebración del juicio, el señor Ríos Nieves presentó una *Moción de Supresión de Evidencia* y solicitó que se suprimiera la evidencia encontrada —marihuana y parafernalia—, debido a que, presuntamente, la declaración que prestó el agente de la policía que intervino con él, fue estereotipada e insuficiente para justificar los motivos

---

[1] Específicamente, por violación a los Arts. 401 y 412 de la *Ley de Sustancias Controladas*, Ley Núm. 4-1971 según enmendada, 24 LPRA Secs. 2401 y 2412, respectivamente. Ambas denuncias imputaron la posesión ilegal en común y mutuo acuerdo con la señora Ferrer Herrera, contra quien se presentaron denuncias por los mismos delitos y por el delito menos grave de conducir un vehículo de motor sin licencia, Art. 3.23 de la Ley de Vehículos y Tránsito de Puerto Rico, Ley 22-2000, según enmendada, 9 LPRA Sec. 5073.

CC-2019-0776

fundados para la intervención.[2] Por su parte, el Ministerio Público se opuso y, en esencia, argumentó que la intervención del agente de la policía fue razonable y estuvo basada en motivos fundados.[3]

Así las cosas, el 14 de mayo de 2019, el tribunal de instancia celebró una vista para atender dichas mociones y luego de escuchar los testimonios vertidos por las partes, declaró **ha lugar** la petición del señor Ríos Nieves en corte abierta.[4] Sin embargo, al finalizar la vista, el Ministerio Público no declaró su intención de recurrir de ese dictamen. Asimismo, el foro primario tampoco emitió una resolución escrita de su determinación interlocutoria, sino que el fallo se desprende de la minuta de los procedimientos que se transcribió el 15 de mayo de 2019.[5] No obstante, la Jueza que presidió la vista y emitió el dictamen interlocutorio no firmó la transcripción de la minuta.

Inconforme con esta determinación, la Oficina del Procurador General de Puerto Rico presentó una *Solicitud de Certiorari* ante el Tribunal de Apelaciones el 13 de junio de

---

[2] El acusado también alegó que procedía la supresión de la evidencia ocupada ya que esta se encontraba en bolsas plásticas y por lo tanto, no podía percibirse a través del sentido del olfato. De igual forma, la señora Ferrer Herrera presentó también una moción de supresión de evidencia. *Moción de Supresión de Evidencia*, Apéndice de la petición de certiorari, pág. 140.

[3] Alegó que los motivos fundados surgieron una vez detuvieron el vehículo de los acusados por transitar en exceso de velocidad, y en ese momento los agentes se percataron que el señor Ríos se tragó algo mientras fumaba y que de su olor se desprendía el aroma de la sustancia controlada. *Réplica a Solicitud de Supresión de Evidencia*, Apéndice de la petición de certiorari, pág. 144.

[4] Sin embargo, el tribunal declaró no ha lugar la moción de supresión de evidencia presentada por la señora Ferrer Herrera.

[5] *Minuta*, Apéndice de la petición de certiorari, pág. 49.

CC-2019-0776

2019.[6] En síntesis, solicitó revocar la decisión del tribunal de instancia la cual ordenaba la supresión de la evidencia incautada por el Estado. Además, incluyó como *Anejo I* del Apéndice, la transcripción de la minuta de la vista de supresión de evidencia.[7]

Por su parte, el 21 de junio de 2019, el Panel III del Tribunal de Apelaciones[8] emitió una *Resolución* en la cual desestimó el recurso por carecer de jurisdicción al ser prematuro.[9] Ello, debido a que la minuta que recogió el dictamen del que se recurrió, no fue firmada por la Jueza que presidió la vista. En particular, concluyó que la minuta carecía de eficacia toda vez que no contaba con la firma de la Jueza y que, por tal razón, no tenía jurisdicción para revisar los méritos de la controversia. En vez, sostuvo que el término para acudir en revisión ante el Tribunal de Apelaciones comenzaría a transcurrir una vez se notificara la minuta con la firma de la Jueza según dispone la Regla 32(b) de las *Reglas para Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico* (Regla 32(b) del Reglamento para la Administración del TPI).

En atención con esa determinación, la Fiscalía de Mayagüez gestionó la notificación de la minuta con la firma

---

[6] *Solicitud de Certiorari,* Apéndice de la petición de certiorari, pág. 30.
[7] En esos momentos, la minuta aún no había sido notificada a las partes. La minuta, solo contenía la firma de la, Secretaria de Servicios a Sala, y registraba la fecha de transcripción el 15 de mayo de 2019. *Minuta,* Apéndice de la petición de certiorari, pág. 49.
[8] Integrado por su presidenta, Jueza Ortiz Flores, el Juez Rivera Colón y la Jueza Lebrón Nieves.
[9] *Resolución,* Apéndice de la petición de certiorari, pág. 90.

CC-2019-0776

correspondiente, la cual fue notificada por correo electrónico a las partes el 1 de julio de 2019.[10] Posteriormente, el 19 de julio de 2019, la Oficina del Procurador General presentó una segunda *Solicitud de Certiorari* ante el Tribunal de Apelaciones.[11] Este segundo recurso fue atendido por el Panel II del Tribunal de Apelaciones,[12] —panel distinto al que tuvo ante su consideración la solicitud anterior— y planteó los mismos hechos, errores y discusión de derecho aplicable que el anterior. Asimismo, hizo constar la determinación previa del foro intermedio sobre el primer recurso presentado. Además, anejó la minuta firmada por la Jueza que presidió la vista.[13]

Por otro lado, el recurrido presentó una moción en oposición a que se expidiera el *certiorari*.[14] En esencia, alegó que el recurso fue presentado tardíamente a la luz de lo resuelto en Pueblo v. Rodríguez Ruiz, *infra*, debido a que el Ministerio Público no expresó su intención de recurrir una vez finalizada la vista de supresión de evidencia. Por ello, sostuvo que el término para recurrir comenzó a transcurrir el 15 de mayo de 2019, fecha de la transcripción de la minuta.

---

[10] *Notificación,* Apéndice de la petición de certiorari, pág. 119.
[11] *Solicitud de Certiorari,* Apéndice de la petición de certiorari, pág. 99.
[12] Integrado por su presidenta, la Jueza Coll Martí, la Jueza Rivera Marchand y el Juez Ramos Torres (Juez Ponente).
[13] *Minuta,* Apéndice de la petición de certiorari, pág. 121.
[14] *Moción en Oposición a Certiorari,* Apéndice de la petición de certiorari, pág. 167.

CC-2019-0776

Así las cosas, mediante *Resolución* del 12 de agosto de 2019, el Tribunal de Apelaciones ordenó mostrar causa al peticionario por la cual no debía desestimar el recurso por falta de jurisdicción.[15] El 23 de agosto de 2019, el peticionario compareció y, en síntesis, reiteró la determinación del Panel III del Tribunal de Apelaciones, que aplicó la Regla 32(b) del Reglamento para la Administración del TPI, *supra*, referente a que el término para la reconsideración o acudir en revisión ante este mismo foro comenzaría a transcurrir cuando se notifique la minuta en cuestión con la firma de la Jueza.[16] Además, sostuvo que el Panel III del foro apelativo determinó que la firma de la Secretaria de Servicios a Sala era insuficiente para impartir validez a la minuta presentada.

Examinados los escritos de las partes, el Panel II del Tribunal de Apelaciones, dictó una *Resolución* el 30 de agosto de 2019 en la que desestimó el recurso por falta de jurisdicción al ser tardío.[17] Resolvió, ——contrario al Panel III del mismo tribunal—— que el término para recurrir del dictamen emitido en corte abierta había comenzado a transcurrir a partir del 15 de mayo de 2019, es decir, desde la fecha de la transcripción de la minuta. Esto, a pesar de que dicha transcripción no contenía la firma de la Jueza. Además, expresó que el panel hermano erró al concluir que el

---

[15] *Resolución,* Apéndice de la petición de certiorari, pág. 182.
[16] *Réplica a Moción de Desestimación,* Apéndice de la petición de certiorari, pág. 183.
[17] *Resolución,* Apéndice de la petición de certiorari, pág. 4.

CC-2019-0776

término para recurrir del dictamen comenzaría a transcurrir a partir de la notificación de la minuta con la correspondiente firma de la Jueza, toda vez que el Ministerio Público no expresó en corte abierta su intención de recurrir. Por otro lado, indicó que conforme con la doctrina de la ley del caso,[18] no debe privar al propio tribunal de corregir sus determinaciones previas erradas. Por ello, concluyó que procedía la desestimación del recurso por estar fuera del término de treinta (30) días jurisdiccional para apelar la determinación del foro de instancia.

No conteste con ese dictamen, el 3 de octubre de 2019, el Procurador General de Puerto Rico recurrió ante esta Curia mediante *Petición de certiorari* y señaló el error siguiente:

> Erró el Tribunal de Apelaciones al desestimar una Solicitud de Certiorari por falta de jurisdicción por tardía, sin reconocer como ley del caso la determinación de otro panel del mismo tribunal, que había dictaminado que los términos para recurrir de una determinación del TPI bajo el precedente de Pueblo v. Rodríguez Ruiz, *supra*, inician con la notificación de la minuta.[19]

Luego de varios trámites procesales, expedimos el recurso de autos. Examinado el expediente y con el beneficio de contar con la comparecencia de las partes, procedemos a resolver.

---

[18] En síntesis, esta doctrina establece que un tribunal debe seguir sus decisiones en casos posteriores.
[19] Véase, *Petición de Certiorari*.

CC-2019-0776

**II**

**A. Jurisdicción**

La jurisdicción es el poder o autoridad que tiene un tribunal para considerar y decidir casos o controversias.[20] Reiteradamente hemos expresado que los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la tienen.[21] Asimismo, la ausencia de jurisdicción no puede ser subsanada por las partes.[22] Es por ello que las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra.[23] Por consiguiente, cuando un tribunal dicta una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires.*[24]

La Regla 40 del Reglamento del Tribunal de Apelaciones, enumera los criterios que dicho foro deberá considerar para poder decidir si atiende o no las controversias que le son planteadas.[25] La referida regla dispone que el tribunal

---

[20] *Pérez Hernández y otros v. Lares Medical Center Inc. y otros*, 2021 TSPR 123. Véanse, además, *Horizon Media corp. v. Junta Revisora*, 191 DPR 228, 233 (2014); *Cordero, et al. v. OGPe et al.*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012).

[21] *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 104-105 (2013). Véase, además, *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Horizon Media corp. v. Junta Revisora*, supra.

[22] Íd.

[23] Íd. Véase, además, *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey v. Ramos F. Castillo,* supra, pág. 883 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005).

[24] *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 370 (2003).

[25] Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40. Véase también, *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008).

CC-2019-0776

considerará, entre otros factores, si el recurso fue presentado en la etapa más oportuna para su consideración.[26] Acorde con ello, el tribunal no puede atender recursos **prematuros o tardíos**. Un **recurso prematuro** es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción.[27] Por otro lado, un **recurso tardío** es el que se presenta pasado el término provisto para recurrir.[28] Al igual que un recurso tardío, el recurso prematuro adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre.[29] Sin embargo, existe una importante diferencia en cuanto a las consecuencias que acarrean las desestimaciones de los recursos por estos defectos.[30] La desestimación de un recurso por tardío priva fatalmente a la parte de presentarlo nuevamente, ante cualquier foro. En cambio, la desestimación de un recurso por prematuro le permite a la parte recurrente volver a presentarlo una vez el foro apelado resuelva lo que tenía ante su consideración. En sintonía con lo anterior, el Tribunal de Apelaciones puede desestimar *motu proprio* un recurso por falta de jurisdicción.[31]

---

[26] *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

[27] Íd.

[28] Yumac *Home Furniture, Inc. v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015). Véase, además, *Torres Martínez v. Torres Ghigliotty*, supra. pág. 98.

[29] Íd.

[30] Íd.

[31] *Yumac Home v. Empresas Masso*, 194 DPR 96 (2015). Véase, además, *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012).

CC-2019-0776

**B. Dictámenes recogidos en minutas**

La Regla 32(D) del Reglamento del Tribunal de Apelaciones, dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida.[32] Dicho término es de cumplimiento estricto.[33] Por otro lado, como norma general, lo esencial para que el Tribunal de Apelaciones pueda revisar una decisión del Tribunal de Primera Instancia es que se acompañe copia del documento que recoge la decisión.[34] A tenor con ello, hemos reconocido que una decisión judicial en un proceso penal puede constar válidamente en una minuta del tribunal siempre y cuando recoja en términos claros la decisión que se pretende revisar.[35] Sin embargo, esa determinación judicial tiene que contar con la firma del juez que la emitió.

En lo pertinente, la Regla 32(b) del Reglamento para la Administración del TPI, *supra*,[36] es la norma rectora sobre

---

[32] Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 32(D). Véase, además, *Yumac Home v. Empresas Masso*, supra, pág. 106

[33] Íd.

[34] *Pueblo v. Rodríguez,* 167 DPR 318, 324 (2006); *Pueblo v. Pacheco Armand*, 150 DPR 53, 58 (2000).

[35] Íd., págs. 297-298 (particularmente, en este caso establecimos que en virtud de la Regla 162 de Procedimiento Criminal, 34 LPRA Ap. II, en nuestro ordenamiento procesal penal, el tribunal de instancia puede explicar las razones por las cuales le impuso la pena al convicto "verbalmente o por escrito". A su vez, sostuvimos que según lo dispone la Regla 163 del citado cuerpo, 34 LPRA Ap. II, "[t]anto el fallo como la sentencia se dictarán en sesión pública del tribunal y se harán constar ... en las *minutas* del tribunal, si las hubiere ...").

[36] 4 LPRA Ap. II-B R. 32(b).

CC-2019-0776

las órdenes o resoluciones contenidas en minutas de los procedimientos judiciales del tribunal de instancia. En particular, dicha regla dispone lo siguiente:

(1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala. La minuta original se unirá al expediente judicial.

. . . . . . . . . . . .

La minuta no será notificada a las partes o a sus abogados, **salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta**, en cuyo caso **será firmada por el juez o la jueza y notificada a las partes**. La Secretaria, custodia del expediente podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda. (Énfasis suplido).[37]

Como podemos apreciar, esta regla claramente establece que las minutas deberán notificarse a las partes o sus abogados cuando incluyan una resolución u orden emitida por el juez en corte abierta. A su vez, añade como requisito, que cuando la minuta incluya una resolución u orden emitida por el juez o la jueza en corte abierta, será **firmada** por el juez o la jueza que emitió el dictamen. Ahora bien, este Tribunal se ha expresado someramente en varias ocasiones sobre la referida regla y las resoluciones recogidas en minutas.

---

[37] Íd.

CC-2019-0776

En ese sentido, en <u>Pueblo v. Rodríguez Ruiz</u>, 157 DPR 288, 297 (2002),[38] indicamos que como norma general, cuando el Tribunal de Primera Instancia toma una determinación en corte abierta que pueda ser objeto de revisión judicial, la parte perjudicada deberá informarle al tribunal, ese mismo día y en corte abierta, su intención de solicitar revisión ante el Tribunal de Apelaciones. A su vez, expresamos que el foro primario deberá ordenar a la Secretaria de Sala que notifique dicha minuta a todas las partes de manera oficial.[39] Sostuvimos que, el término para solicitar revisión comenzará a decursar a partir de la fecha de la notificación de la minuta.[40] En cambio, señalamos que en los **casos** **excepcionales** en que la parte perjudicada por la determinación del tribunal no exprese en dicho momento su intención de recurrir y posteriormente decida hacerlo, la fecha de la notificación será la fecha de la transcripción de la minuta.[41] Es decir, que en ausencia de una fecha de notificación por el tribunal de instancia, se utilizará la

---

[38] En este caso, el peticionario recurrió al Tribunal de Circuito de Apelaciones -para ese entonces-, luego de que la corte de instancia declarara sin lugar una moción de supresión de evidencia. Dicha determinación se incluyó en la minuta de los procedimientos, la cual tenía fecha de 14 de febrero de 2000, día en que se celebró la vista sobre supresión de evidencia, y el recurso de *certiorari* fue presentado el 9 de marzo de 2000. El foro apelativo denegó la expedición del recurso solicitado y resolvió que se encontraba impedido en determinar si el recurso se había perfeccionado o si se trataba de un recurso prematuro ya que el dictamen recurrido estaba contenido en una minuta de la cual no surgía la fecha de notificación. Inconforme con esta determinación, el peticionario acudió ante este Tribunal, y resolvimos que el peticionario había presentado su recurso dentro del término establecido, toda vez que lo había hecho dentro de treinta días (30) luego de la transcripción de la minuta.

[39] *Pueblo v. Rodríguez Ruiz*, supra. pág. 295.

[40] Íd., págs. 297-298. Véase, además, *Pueblo v. Rodríguez Martínez*, supra, págs. 326-327.

[41] *Pueblo v. Rodríguez Martínez*, supra, pág. 328.

CC-2019-0776

fecha de transcripción de la minuta para calcular el término para acudir en revisión al Tribunal de Apelaciones. Este razonamiento lo fundamentamos en cuanto a que, dada la naturaleza expedita del procedimiento criminal, resultaría oneroso requerirles a las partes que no acudan a revisar dictámenes que le son adversos hasta que el tribunal emita una resolución u orden en la cual les notifique dicho dictamen.

Posteriormente, en Pueblo v. Rodríguez Martínez, 167 DPR 318 (2006), reiteramos que en casos criminales el término para recurrir ante el Tribunal de Apelaciones de una determinación interlocutoria en corte abierta comenzará a decursar a partir de la fecha de la transcripción de la minuta, únicamente en los casos excepcionales en que la parte afectada no le indique al tribunal el día en que se emitió el dictamen y en corte abierta su intención de solicitar la revisión de este. Además, resaltamos por un lado, que la práctica de los tribunales de no notificar las minutas en los casos criminales continuaba vigente y, por el otro, se seguía promoviendo que los casos penales se resolvieran de manera expedita y que la parte perjudicada por una determinación del foro de instancia pudiera solicitar su revisión.[42] En ese sentido, destacamos que ante la espera de la notificación del dictamen "el proceso apelativo podría resultar académico y acarrear violaciones de derechos

---

[42] Íd., pág. 325.

CC-2019-0776

constitucionales fundamentales; más aún cuando estamos ante decisiones que, aunque interlocutorias, podrían ser cardinales para la disposición del caso".[43]

### C. Doctrina de la ley del caso

La doctrina de la ley del caso establece, como norma general, que un tribunal debe seguir sus decisiones previas en los casos.[44] Las decisiones judiciales que constituyen la ley del caso incluyen todas aquellas cuestiones consideradas y decididas por el tribunal.[45] No obstante, si el caso vuelve ante la consideración del tribunal y este entiende que su determinación anterior es errónea y puede causar una grave injusticia, el tribunal puede aplicar una norma distinta y rectificar su postura previa.[46] Ahora bien, hemos resuelto que en el contexto de peticiones de *certiorari* sobre asuntos interlocutorios, el dictamen de un tribunal apelativo no constituye una adjudicación en los méritos del caso.[47] Por lo tanto, en tales casos no es de aplicación la doctrina de la ley del caso.[48]

### III

Como cuestión de umbral, debemos determinar si la transcripción de una minuta que recoge una determinación interlocutoria emitida en corte abierta en un procedimiento

---

[43] *Pueblo v. Rodríguez Ruiz,* supra, pág. 298.
[44] *Pueblo v. Serrano Chang*, 201 DPR 643, 653 (2018).
[45] *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 11 (2016).
[46] *Pueblo v. Serrano Chang*, supra, pág. 653.
[47] Íd., pág. 12. Véase, además, *Torres Martínez v. Torres Ghigliotty*, supra.
[48] *Cacho Pérez v. Hatton Gotay*, supra, pág. 11.

CC-2019-0776

criminal tiene que estar firmada por el juez o la jueza que emitió el dictamen. Además, debemos resolver si el término para solicitar revisión de un dictamen interlocutorio del foro primario contenido en la transcripción de una minuta de un procedimiento criminal que no fue firmado por el juez que emitió este dictamen, comienza a decursar a partir de la fecha de la notificación oficial de la minuta a las partes, aprobada con la firma del juez o jueza que emitió el dictamen. Finalmente, debemos justipreciar si en el caso de autos el Ministerio Público quedó desprovisto de remedio alguno como consecuencia de dictámenes contradictorios por parte del Tribunal de Apelaciones. **Adelantamos que respondemos <u>afirmativamente</u> a los tres cuestionamientos.**

En síntesis, en su *Petición de Certiorari*, el Procurador General sostiene que los casos que se ventilan en todos los tribunales tienen que cumplir con los reglamentos promulgados por el Poder Judicial. Arguye que la minuta donde conste una determinación del TPI cuya revisión se solicita ante un tribunal de mayor jerarquía, tiene que estar firmada y notificada, según ordena la Regla 32(b) del Reglamento para la Administración del TPI, *supra*.[49] Por ello, expresa

---

[49] Además, para reforzar la validez de su planteamiento, el peticionario solicitó que se tomara conocimiento judicial sobre dos casos atendidos por el Tribunal de Apelaciones con posterioridad al caso de autos, que demuestran la inconsistencia y ambigüedad de nuestro foro intermedio al resolver controversias como la que tenemos ante nos. Estos son, <u>Pueblo v. Ortiz García</u>, KLCE2020-00056 y <u>Pueblo en Interés del menor KRA</u>, KLCE2020-00207 (en ambos casos, el foro apelativo desestimó los recursos por falta de jurisdicción por prematuros al estar recogido en una transcripción de una minuta que no contaba con la firma del juez o la jueza que presidió los procedimientos). Véase, *Alegato del Pueblo de Puerto Rico*, pág. 12.

CC-2019-0776

que la única interpretación integral y cónsona con la Regla 32(b), del Reglamento para la Administración del TPI, *supra*, y nuestro precedente en El Pueblo v. Rodríguez Ruiz, *supra*, sería bajo el razonamiento que la fecha de transcripción de la minuta es realmente la fecha en la que el juez de instancia notifica oficialmente la minuta aprobada con su firma.

En oposición, el recurrido reiteró los mismos argumentos planteados en el foro apelativo.[50] En resumen, alegó que esta Curia reconoció que el término para recurrir en casos como este comienza a partir de la transcripción de la minuta, y que eso convierte el recurso del peticionario en tardío. Por lo tanto, solicita que se confirme la resolución emitida por el Tribunal de Apelaciones.

Conforme discutimos, las minutas de procedimientos son mecanismos válidos para recoger las decisiones interlocutorias de un tribunal. Particularmente, la Regla 32(b) del Reglamento para la Administración del TPI, *supra*, establece que **las minutas deberán notificarse a las partes o sus abogados cuando incluyan una resolución u orden emitida por el juez en corte abierta.** A su vez, **requiere la firma del juez o jueza que la dictó.** Por lo tanto, esta regla le impone un requisito de forma al juez que emitió la determinación en corte abierta para que, con su firma, le imprima **validez y certeza** a esa decisión recogida mediante

---

[50] Véase, *Alegato del Recurrido*.

CC-2019-0776

la minuta. Es decir, **para que la orden o resolución acogida dentro de una minuta tenga <u>legitimidad y eficacia</u> es indispensable que esté firmada por el juez o la jueza que emitió el dictamen interlocutorio**. No podemos perder de perspectiva que tanto la facultad revisora del Tribunal de Apelaciones como la de esta Curia se fundamenta en determinaciones emitidas y suscritas por los jueces que las dictaminan y no en la interpretación o apreciación de otros funcionarios del tribunal. De permitir lo contrario, el foro revisor estaría evaluando un documento ——en este caso la minuta—— sin la certeza que el dictamen recurrido fue el que en efecto dictó el juez o jueza que atendió los procedimientos. Es decir, la minuta que no esté certificada por el juez que dictó la orden o resolución, **no puede contar con la deferencia y la presunción de corrección de los foros revisores**. Ello, debido a que es la firma del juez que impartió la decisión, la que precisamente le imprime legitimidad y eficacia a la decisión. Además, garantiza que la determinación fue ponderada por el juzgador de los hechos, quien, a su vez, fue la persona que valoró y tuvo ante sí la prueba sometida por las partes.

Según se desprende de los hechos del caso de autos, el dictamen interlocutorio del tribunal de instancia emitido en corte abierta sobre la vista de supresión de evidencia, se recogió en la transcripción de la minuta del procedimiento criminal y, en efecto, **no contaba** con la firma de la Jueza que la dictó. Por ello, el Panel III del Tribunal de

CC-2019-0776

Apelaciones asertivamente desestimó el recurso por prematuro y concluyó que no tenían jurisdicción para atenderlo toda vez que era contrario a lo dispuesto por la Regla 32(b) del Reglamento para la Administración del TPI, *supra*. **Somos del criterio que esa aplicación del derecho es correcta.**

En vista de lo anterior, para que el Tribunal de Apelaciones pudiera tener jurisdicción sobre la presente controversia, la minuta en cuestión debía estar firmada por la Jueza que dictó la resolución a favor de la supresión de evidencia. Por lo tanto, ante la realidad de que la minuta no fue firmada por la jueza, se incumplió con el requisito de forma —firma de juez en la minuta— instituido por la Regla 32(b) del Reglamento para la Administración del TPI, *supra,* y, por consiguiente, se privó de jurisdicción —en ese momento— al foro revisor.

De esta forma, el Panel III del Tribunal de Apelaciones expresó en su dictamen, que el término para que el Ministerio Público recurriera de la minuta en cuestón comenzaría a transcurrir una vez fuera notificada con la firma de la Jueza. Así las cosas, el tribunal notificó oficialmente la minuta con la referida firma, el 1 de julio de 2019 y el 19 de julio del mismo año el peticionario presentó una segunda solicitud de *certiorari* ante el Tribunal de Apelaciones, la cual fue atendida por un panel distinto al que entendió el primer recurso. No obstante, y contrario a la determinación del Panel III, el Panel II del foro apelativo nuevamente

CC-2019-0776

desestimó el recurso, esta vez por tardío. Ahora bien, **colegimos que erró al concluir de tal manera**. Veamos.

Cónsono con lo discutido en Pueblo v. Rodríguez Ruiz, *supra*, esta Curia determinó que la fecha para recurrir de un dictamen interlocutorio recogido en una minuta dependerá si la parte desfavorecida, expresó en corte abierta su intención de recurrir o no. Ante el escenario de que haya habido tal manifestación en corte abierta, establecimos que el término para recurrir comenzará a decursar a partir de **la fecha de la notificación oficial de la minuta** a las partes. Por su parte, si no hubo una solicitud a esos efectos, el término comenzará a decursar a partir de **la fecha de la transcripción de la minuta**. Es decir, la norma jurídica instituida previó ambos escenarios y su aplicación la sujetó solamente a si la parte perjudicada anunció en corte abierta su intención de recurrir al foro revisor, para efectos de la notificación de la minuta. Sin embargo, la controversia en esa ocasión giraba exclusivamente sobre el inicio del término para recurrir al tribunal apelativo usando la minuta en ausencia de resolución y no sobre la validez del requerimiento de la firma del juez en la transcripción de la minuta. No obstante, este Tribunal también señaló expresamente que en aquellos casos en que el tribunal **incluya una resolución u orden emitida por el juez en corte abierta, dicha minuta será firmada por el juez y notificada a las partes** según dispone la Regla 32(b) del Reglamento para la

CC-2019-0776

Administración del TPI, *supra*.[51] Por lo tanto, reconocimos literalmente lo dispuesto por la mencionada regla.

Ahora bien, si bien es cierto que en Pueblo v. Rodríguez Ruiz, *supra*, expresamos cierta flexibilidad al interpretar algunas leyes y reglamentos, bajo ninguna interpretación podría entenderse que se extendió hasta el punto de ignorar los requisitos de forma instituidos en nuestros reglamentos y avalados a través de nuestra jurisprudencia. Máxime, cuando reconocimos expresamente lo dispuesto en la Regla 32(b) del Reglamento para la Administración del TPI, *supra*. Por consiguiente, cuando indicamos en aquella ocasión que la fecha para recurrir de un dictamen interlocutorio dictado en sala consiste en la fecha de transcripción de la minuta, a lo que nos referimos es a **la fecha de transcripción de la minuta aprobada con la firma del juez de instancia.** Esta interpretación es la única que armoniza de forma integral las disposiciones de la Regla 32(b) del Reglamento para Administración del TPI, *supra*, y nuestro precedente en Pueblo v. Rodríguez Ruiz, *supra*.

Por lo tanto, aunque hemos reconocido vía jurisprudencia que en la práctica las minutas de los procedimientos criminales no suelen notificarse a las partes, por la rapidez necesaria en los procesos criminales, esto, no es óbice para incumplir con lo dispuesto por la Regla 32(b) del Reglamento para Administración del TPI,

---

[51] *Pueblo v. Rodríguez Ruiz*, supra, pág. 295.

CC-2019-0776

*supra.* Hoy acoplamos nuestra interpretación al texto de la regla y aclaramos que independientemente de si la parte desfavorecida en un procedimiento criminal interlocutorio notificó o no en corte abierta su intención de recurrir al foro revisor, **es deber indispensable del juez que presidió el procedimiento criminal y dictó la resolución en corte abierta, firmar la minuta y notificar a las partes su determinación.** No obstante, en estas situaciones en las que, por error o inadvertencia, el juez o la jueza no firme la minuta que recoge la resolución que se dictó en corte abierta, situación que siempre debe evitarse, **la fecha para recurrir en revisión de la determinación interlocutoria del tribunal de instancia contenida en la transcripción de una minuta <u>comenzará a decursar a partir de la fecha de la notificación oficial de la minuta a las partes, aprobada con la firma del juez o jueza que emitió el dictamen</u>.**

En vista de lo anterior, no concebimos el razonamiento del Panel II del foro intermedio para ignorar la decisión del Panel III y desestimar el recurso, por tardío. El tribunal apelativo concluyó de tal manera fundamentándose en que la doctrina de la ley del caso no era aplicable porque la determinación del panel hermano estaba errada en derecho debido a que el término para recurrir había comenzado a transcurrir a partir de la fecha de la transcripción de la minuta, el 15 de mayo de 2019. Razonaron que al recurso presentarse el 19 de julio de 2021, estuvo fuera del término provisto de treinta (30) días para revisar el dictamen del

CC-2019-0776

foro de instancia. Sin embargo, **no estamos de acuerdo con tal aplicación del derecho.** Mucho menos podemos avalar la pretensión del recurrido en sostener que el Ministerio Público incumplió con la norma pautada en Pueblo v. Rodríguez Ruiz, *supra*, sobre el término para recurrir al foro apelativo cuando recurre de una determinación tomada y expresada en corte abierta y cuando la parte afectada no expresa su intención de revisar dicha determinación al foro revisor.

Pues, claramente, ante la realidad fáctica esbozada, el peticionario sí presentó su petición de *certiorari* dentro del término aquí establecido. No olvidemos que según se desprende de los hechos reseñados, en pleno conocimiento y ante la realidad de que el Ministerio Público no notificó en corte abierta su intención de revisar la determinación que emitiera la Jueza en corte abierta sobre la vista de supresión de evidencia del 14 de mayo de 2020, la Oficina del Procurador General de Puerto Rico, presentó una *Solicitud de Certiorari* ante el Tribunal de Apelaciones el 13 de junio de 2020. Es decir, en ese momento ⸺sin entrar a discutir la validez de la transcripción de la minuta⸺ exactamente a veintiocho (28) días de la fecha de la transcripción de la minuta, el peticionario presentó su solicitud de certiorari dentro del término de los treinta (30) días dispuestos para recurrir cónsono con la norma pautada en Pueblo v. Rodríguez Ruiz, *supra*. Por lo tanto, aun bajo la suposición que la minuta hubiera estado firmada por la Jueza, el Ministerio Público sí presentó su primer

CC-2019-0776

recurso dentro del término aquí establecido. De igual forma, razonamos que al momento en que el peticionario presentó por segunda vez el recurso de *certiorari,* el 19 de julio de 2019, ante el foro revisor, este estaba perfeccionado y tenía jurisdicción sobre el mismo. Ello, pues el peticionario lo hizo dentro del término de treinta (30) días contado a partir de la notificación oficial de la minuta aprobada con la firma de la Jueza ——1 de julio de 2019—— según dispuso el Panel III del foro intermedio. De manera similar, en este caso sostenemos la inaplicabilidad de la doctrina de la ley del caso, pues, según hemos resuelto, en el contexto de peticiones de *certiorari* sobre asuntos interlocutorios, el dictamen de un tribunal apelativo no constituye una adjudicación en los méritos del caso.

A la luz de los hechos y el derecho reseñado, somos del criterio que, con su errado proceder, el Panel II del Tribunal de Apelaciones **privó al peticionario de remedio revisorio alguno** ya que la desestimación de un recurso por tardío es fatal y prohíbe que se vuelva a presentar ante cualquier tribunal. Ello es así, dado que, en la primera ocasión, el Panel III del Tribunal de Apelaciones desestimó el recurso de *certiorari* por prematuro al concluir que la minuta de la cual se recurrió necesitaba la firma del juez de instancia para activar los términos apelativos. Posteriormente, en una segunda ocasión, acatando la determinación del Panel III, el peticionario recurrió nuevamente ante el Tribunal de Apelaciones, mediante una

CC-2019-0776

*Solicitud de certiorari* dentro del término provisto, luego de notificada oficialmente la minuta con la firma de la Jueza. Sin embargo, el Panel II de dicho foro —panel distinto al primero—, desestimó el recurso por falta de jurisdicción, esta vez, por tardío. Claramente, si acogiéramos como correcta la determinación del Panel II privaríamos al peticionario de remedio apelativo alguno. En ese sentido, reiteramos que la aplicación correcta del derecho previamente reseñado descansó en la decisión del Panel III del Tribunal de Apelaciones.

En consecuencia, a tenor con lo antes expresado, resolvemos que para que pueda constar válidamente el dictamen de un tribunal emitido en corte abierta en la transcripción de la minuta de un procedimiento criminal, es necesario que la minuta cuente con la firma del juez o la jueza que presidió los procedimientos y emitió el dictamen del cual se recurre. Conforme a la discusión que antecede, somos de la opinión que dicha firma es lo que certifica que lo recogido en la minuta es una copia fiel de lo acontecido en el proceso en corte abierta. Por lo tanto, presentar un recurso basado en una minuta que no contiene la firma del funcionario que presidió los procesos en corte abierta priva a los tribunales de ejercer su jurisdicción. Asimismo, aclaramos que en los casos en donde la determinación del tribunal consta en la minuta de los procedimientos, y el juez o la jueza falle en firmar tal minuta, lo cual reiteramos que siempre debe evitarse, la fecha para recurrir en revisión

CC-2019-0776

de la determinación interlocutoria comenzará a decursar a partir de la fecha de la notificación oficial de la minuta a las partes, aprobada con la firma del juez o jueza que emitió el dictamen. Además, según el texto de la Regla 32(b) del Reglamento para la Administración del TPI, *supra,* esta notificación oficial no depende de que se anuncie en corte abierta la intención de recurrir.

## IV

Por los fundamentos que anteceden, se revoca la resolución recurrida emitida por el Panel II del Tribunal de Apelaciones, que desestimó el recurso por falta de jurisdicción al ser tardío. En consecuencia, se devuelve el caso al tribunal apelativo para que proceda con la revisión del recurso de *certiorari* presentado por la Oficina del Procurador General de Puerto Rico.

Se dictará sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | | |
|---|---|---|
| Peticionario | | *Certiorari* |
| v. | CC-2019-0776 | |
| Noel Ríos Nieves | | |
| Recurrido | | |

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de abril 2022.

Por los fundamentos expuestos en la Opinión que antecede, la que se hace formar parte íntegra de la presente, revocamos la *Resolución* recurrida emitida por el Panel II del Tribunal de Apelaciones, que desestimó el recurso por falta de jurisdicción al ser tardío. En consecuencia, se devuelve el caso al tribunal apelativo para que proceda con la revisión del recurso de *certiorari* presentado por la Oficina del Procurador General de Puerto Rico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez concurre y emite la expresión siguiente:

"Los tribunales estamos llamados a resolver casos y controversias en los méritos de la forma más eficiente. Este caso presenta una situación que se ve recurrentemente y es que paneles distintos del Tribunal de Apelaciones resuelven el mismo asunto -- dentro del mismo caso -- de forma contradictoria. Estas incongruencias jurídicas tienen consecuencias graves como alargar los procedimientos, aumentar los costos de litigio y, en muchos casos, dejar a las partes sin remedio alguno.

Para evitar que esto ocurra, y para uniformar la asignación de casos, se dispuso mediante la Orden Administrativa OAJP-2021-086 que a partir del 10

de enero de 2022 los recursos que surjan en casos que hayan generado una revisión apelativa anterior, se asignarán al mismo panel que atendió el recurso anterior. De esa manera, todos los asuntos de un caso serán atendidos por el panel que conoce mejor los hechos de base, el tracto procesal y las controversias prevalecientes. Esto le imprime certeza, eficiencia y rapidez al manejo de los casos y evita incongruencias en las determinaciones del foro apelativo intermedio".

El Juez Asociado Señor Colón Pérez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo