EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>     Peticionario<br><br>     v.<br><br>Jorge L. Olmeda Llanos<br>     Recurrido | Certiorari<br><br>2000 TSPR 153 |

Número del Caso: CC-2000-0576

Fecha: 23/Octubre/2000

Tribunal de Circuito de Apelaciones:

      Circuito Regional VII

Juez Ponente:

      Hon. Efraín E. Rivera Pérez

Oficina del Procurador General:

      Lcdo. Angel M. Rivera Rivera<br>      Procurador General Auxiliar

Abogada de la Parte Recurrida:

      Lcda. Hilda R. Figueroa Santiago

Materia: Ley de Tránsito

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

Peticionario

v.                              CC-2000-576         Certiorari

Jorge L. Olmeda Llanos

Acusado-Recurrido

PER CURIAM
(Regla 50)

San Juan, Puerto Rico a 23 de octubre de 2000

El Procurador General, en representación del Pueblo de Puerto Rico, solicita la revisión de una resolución dictada por el Tribunal de Circuito de Apelaciones, mediante la cual desestimó el recurso de *certiorari* que le fuera presentado por dicho funcionario, fundamentándose en que el peticionario sometió como sentencia recurrida una minuta del Tribunal de Primera Instancia sin que constara de su faz la fecha de su notificación a las partes.

I

El 7 de febrero de 2000 se determinó causa probable para detener al recurrido, Jorge L. Olmeda Llanos a los fines de que respondiera a sendas imputaciones de haber violado las secciones 5-801 y 3-301 de la Ley de Vehículos y Tránsito de Puerto Rico[1]. El juicio quedó señalado para treinta y siete (37) días más tarde y el imputado quedó libre, sin fianza, por tratarse de delitos menos graves.

---

[1] Conducción de vehículos de motor bajo los efectos de bebidas embriagantes (9 L.P.R.A. sec. 1041) y por conducir vehículos de motor sin estar debidamente autorizado. 9 L.P.R.A. sec. 651.

Llegado el día de la vista en su fondo, esto es, el 15 de marzo de 2000, no comparecieron ni el Policía David Rodríguez Villafañe, que intervino con el recurrido el día de los hechos, ni la enfermera que tomó la muestra de sangre al acusado. Dicha enfermera había sido citada para el juicio por el Policía Rodríguez. El fiscal solicitó la posposición del juicio para otra fecha pero el Juez (Tribunal de Primera Instancia, Sala Superior de Fajardo) se negó a ello posponiéndolo para un turno posterior durante la tarde del mismo día. Llegado dicho turno, compareció el agente Rodríguez, el cual se excusó por su incomparecencia durante la mañana y aseguró haber citado correctamente a la enfermera, la cual tampoco estuvo presente durante la tarde. El fiscal nuevamente solicitó la suspensión de la vista, ya que era el primer señalamiento del juicio y entendía que la enfermera era una testigo esencial para probar su caso. Indicó que trataría de conseguir la comparecencia de esta testigo para una fecha posterior. El Juez denegó la suspensión nuevamente sin justificación válida.

El acusado hizo alegación de culpabilidad por la denuncia imputando la violación a la sección 3-301 de la Ley de Vehículos y Tránsito (conducir vehículos de motor sin estar debidamente autorizado) y a la misma vez solicitó el archivo de la denuncia por violación a la sección 5-801 (conducir bajo los efectos de bebidas embriagantes) en vista de que la enfermera que tomó la muestra de sangre no compareció. El tribunal aceptó la alegación de culpabilidad del acusado por conducir sin estar debidamente autorizado, lo declaró culpable y le impuso una multa de doscientos dólares ($200.00). Además, ordenó el archivo de la denuncia por conducir bajo los efectos de bebidas embriagantes, fundamentándose en la Regla 247(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. R. 247(b).

Veintiocho (28) días más tarde, o sea el 12 de abril de 2000, el Procurador General acudió, mediante recurso de *certiorari,* ante el Tribunal de Circuito de Apelaciones, imputándole abuso de discreción al Tribunal de Primera Instancia al archivar bajo la Regla 247(b)[2] la referida causa criminal de conducir en estado de embriaguez, por el sólo hecho de la incomparecencia de una testigo de cargo al primer señalamiento de la vista en su fondo. Argumentó que la presencia de la testigo era esencial a la prueba de cargo; que se trataba de una primera comparecencia; que sólo habían transcurrido treinta y siete días (37) desde la fecha de la presentación de la denuncia, por lo que en nada se lesionaba el derecho a juicio

---

[2]. En su parte pertinente dicha regla dispone:

Regla 247. Sobreseimiento

(a) . . .

(b) Por el tribunal; orden. Cuando ello sea conveniente para los fines de la justicia y previa celebración de vista en la cual participará el fiscal, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia. Las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso.

(c) . . .

(d) . . .

rápido del acusado.  Acompañó como parte del apéndice,  copia de la minuta donde se recogía tal dictamen, pero no incluyó copia del volante de notificación de la misma.  De la minuta se desprenden los incidentes ocurridos en corte abierta y la fecha en que se decretó el archivo de la denuncia.

El Tribunal de Circuito de Apelaciones emitió resolución el 25 de abril de 2000, en la cual denegó el auto solicitado, basándose en que la parte peticionaria no había acreditado la fecha de notificación de la minuta en que se recogía el dictamen recurrido y ni siquiera surgía si había sido notificada.  A pesar de que de la referida minuta surgía fehacientemente la fecha del archivo de la denuncia por conducir en estado de embriaguez, inexplicablemente declaró el Tribunal Apelativo que se hallaba impedido de poder determinar si la parte peticionaria había presentado o perfeccionado el recurso dentro del término de cumplimiento estricto de treinta (30) días que requiere el Art. 4.002(f) de la Ley de la Judicatura, 4 L.P.R.A. sec. 22K(f).  Además, estimó que en caso de no haber sido notificada todavía tal minuta, se trataría un recurso prematuro ya que los términos se computan a partir del archivo en autos de copia de la notificación de la resolución u orden recurrida. El Procurador presentó a tiempo una moción de reconsideración, la cual fue denegada.

Acude ante nos el Procurador imputándole error al Tribunal de Circuito de Apelaciones al desestimar el recurso por supuestamente no haberse acreditado su jurisdicción. Argumenta que tal actuación contraviene los propósitos de economía procesal ya que de la faz del recurso surge que el mismo se presentó dentro del término de treinta (30) días desde la fecha en que el dictamen fue emitido en corte abierta y luego transcrito en la minuta.

II

El Tribunal de Circuito de Apelaciones denegó la expedición del auto fundamentándose en nuestra reciente decisión en Pueblo v. Pacheco Armand,  res. el 14 de enero de 2000, 2000 TSPR 4 y en el Art. 4.002, supra.  Dicho artículo, en su parte pertinente al asunto de autos, dispone:

> El Tribunal de Circuito de Apelaciones conocerá en los siguientes asuntos:
>
> > (a)  Mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición.
> >
> > (b)...
> >
> > (c)...
> >
> > (d)...
> >
> > (e)...
> >
> > (f) Mediante auto de *certiorari* expedido a su discreción, de cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de  su abolición.

> **En estos casos, el recurso de *certiorari* se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden.** El término aquí dispuesto es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de *certiorari*. [...]
>
> (g)...
>
> (h)...
>
> (i) Mediante  auto de *certiorari*, a ser expedido discrecionalmente, de cualquier sentencia o resolución final del Tribunal de Primera Instancia para la cual no se hubiere establecido procedimiento específico en este Capítulo o en una ley especial aprobada con posterioridad. En estos casos, el recurso de *certiorari* se presentará dentro del término y bajo las condiciones dispuestas por ley para la presentación del recurso equivalente que antes se presentaba ante el Tribunal Supremo.  [...] (Énfasis nuestro)

El Tribunal de Circuito de Apelaciones, invocando el debido proceso de ley y amparado en el inciso (f), concluye que la Ley de la Judicatura de Puerto Rico impuso un término de cumplimiento estricto de treinta (30) días a computarse a partir de la notificación de la resolución u orden recurrida. No obstante dicho pronunciamiento del tribunal apelativo, éste reconoció en su resolución que "los procedimientos del caso de autos a nivel del Tribunal de Primera Instancia han culminado" (Pág. 3).

Este caso trata de una sentencia final, dictada en corte abierta, a través de la cual el tribunal recurrido decretó la desestimación de la denuncia por infracción al artículo 5-801 de la Ley de Vehículos y Tránsito de Puerto Rico al amparo de la Regla 247(b) de las de Procedimiento Criminal.  Dicha sentencia de desestimación y archivo fue recogida en la correspondiente minuta relativa al proceso efectuado en corte abierta.  Con ello terminó el proceso en el tribunal de instancia.  Así lo reconoció el foro intermedio.  La referida sentencia fue dictada en corte abierta y en presencia de todas las partes, el 15 de marzo de 2000.  Desde entonces las partes quedaron notificadas de dicha sentencia.  La minuta que lo acredita fue transcrita y certificada el 16 de marzo. El Tribunal de Circuito de Apelaciones tuvo ante sí dicha minuta, ya que fue incluida por el señor Procurador General en el apéndice del recurso.  En Pueblo v. Pacheco Arnaud, supra, resolvimos que el ordenamiento procesal penal y la práctica judicial permiten y avalan el uso de la minuta como constancia de una decisión judicial.  Surgiendo de la minuta en este caso que el recurso fue presentado dentro de los treinta días siguientes a la fecha en que la sentencia fue dictada, nada más necesitaba dicho Tribunal para cerciorarse fehacientemente de su jurisdicción, por lo que, a tales fines resultaba inmaterial la fecha de notificación de la minuta.

Por lo anteriormente expresado, se expedirá el auto de *certiorari* y se dictará sentencia revocando el dictamen del Tribunal de Circuito de Apelaciones.  Se devolverá el caso a dicho Tribunal para que sea atendido en su fondo.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Peticionario

       v.                       CC-2000-576           Certiorari

Jorge L. Olmeda Llanos

     Acusado-Recurrido

SENTENCIA

San Juan, Puerto Rico, a 23 de octubre de 2000

       Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de certiorari solicitado y se dicta sentencia revocando el dictamen del Tribunal de Circuito de Apelaciones.  Se devuelve el caso al Tribunal de Circuito de Apelaciones para que sea atendido en su fondo.

       Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  La Jueza Asociada señora Naveira de Rodón y el Juez Asociado señor Rivera Pérez no intervinieron.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo