EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>    Recurrido<br><br>               v.<br><br>Jessie O. Rodríguez Ruiz<br>    Peticionario | Certiorari<br><br>2002 TSPR 81<br><br>157 DPR _____ |

Número del Caso: CC-2000-436


Fecha: 18/junio/2002


Tribunal de Circuito de Apelaciones:
                    Circuito Regional VII


Juez Ponente:
                    Hon. Efraín E. Rivera Pérez



Oficina del Procurador General:
                         Lcda. Eva S. Soto Castello
                         Procuradora General Auxiliar


Abogado de la Parte Peticionaria:
                         Lcdo. Jaime J. Fuster Zalduondo



Materia: Infr. Arts. 258 y 260 del Código Penal



        Este documento constituye un documento oficial del Tribunal Supremo
        que está sujeto a los cambios y correcciones del proceso de
        compilación y publicación oficial de las decisiones del Tribunal.
        Su distribución electrónica se hace como un servicio público a la
        comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        vs.

                      CC-2000-436      Certiorari

Jessie O. Rodríguez Ruiz

    Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 18 de junio de 2002.

En esta ocasión debemos precisar cuándo se entiende notificada una minuta dictada por el Tribunal de Primera Instancia en un procedimiento criminal, para los efectos de computar el término para acudir en revisión de la decisión que contiene dicha minuta ante el Tribunal del Circuito de Apelaciones.

I.

Contra el señor Jessie O. Rodríguez Ruiz se presentaron acusaciones por los delitos de resistencia u obstrucción a la autoridad pública y

alteración a la paz.[1] Previo a la celebración del juicio, su representante legal presentó una moción de supresión de evidencia con el fin de excluir el testimonio del policía interventor, por alegadamente ser fruto de un arresto ilegal.

Después de celebrar la vista correspondiente para discutir los méritos de la moción de supresión de evidencia, el tribunal de instancia declaró la misma sin lugar. Esta determinación del tribunal se incluyó en la minuta de los procedimientos, la cual expresa, en la parte aquí pertinente, que:

[...]

Concluido el desfile de la prueba documental y testifical, el Tribunal DECLARA NO HA LUGAR LA MOCIÓN DE SUPRESIÓN DE EVIDENCIA.

La defensa argumenta ampliamente y solicita la reconsideración del Tribunal.

El Tribunal declara NO HA LUGAR lo solicitado por la defensa.

CC. LCDO. EULALIO DÍAZ SOSA
    S.A.L.

Dicha minuta tiene fecha de 14 de febrero de 2000; día en que se celebró la vista sobre supresión de evidencia.

Por no estar conforme con la decisión del tribunal de instancia, el 9 de marzo de 2000, el señor Rodríguez Ruiz presentó una petición de *certiorari* ante el Tribunal de Circuito de Apelaciones quien, en auxilio de su jurisdicción, decretó la paralización de los procedimientos hasta la resolución final del caso. Además, ordenó al Procurador General a que se

---

[1] Arts. 258 y 260 del Código Penal de Puerto Rico, 33 L.P.R.A. secs. 4493 y 4521.

expresara sobre cuándo comienza a decursar el término de treinta (30) días de cumplimiento estricto para presentar un recurso de *certiorari* en casos como el de autos, en que no existe constancia de la notificación por parte de la Secretaría del Tribunal de la minuta que contiene la decisión que se revisa.

De conformidad con lo anterior, el Procurador General compareció y explicó que, dado que la minuta en cuestión no contiene una fecha distinta a la del 14 de febrero de 2000, fecha en que se celebró la vista y transcribió la minuta correspondiente, y en ausencia de prueba en contrario, se debe presumir que ésta se notificó en esa misma fecha. Por lo tanto, concluyó que el recurso fue presentado oportunamente. No obstante lo anterior, el foro apelativo denegó la expedición del auto solicitado. Resolvió que en vista de que el dictamen recurrido está contenido en una minuta de la cual no surge la fecha de notificación, así como tampoco si tal notificación, en efecto, fue realizada por la Secretaría del tribunal de instancia, dicho foro se encuentra impedido de poder determinar si la parte peticionaria presentó y/o perfeccionó el recurso en cuestión oportunamente o si se trata de un recurso prematuro.

Inconforme, el señor Rodríguez Ruiz acudió ante nos. Luego de evaluar su solicitud, le concedimos término al Procurador General para que mostrara causa, si la hubiere, por la cual no debamos expedir el auto solicitado y revocar la resolución del Tribunal de Circuito de Apelaciones. De

conformidad con nuestra orden, el Procurador General compareció y se allanó a la solicitud del señor Rodríguez Ruiz.  Con el beneficio de su comparecencia, resolvemos.

II.

La Regla 34 del Reglamento del Tribunal de Circuito de Apelaciones de mayo de 1996, T. 4 Ap. XXII-A R. 34, dispone el contenido y forma de la solicitud de *certiorari* ante dicho foro apelativo.  En cuanto al apéndice del recurso en particular, el inciso (E)(1)(b) de dicha regla requiere que incluya una copia literal de "[l]a decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere y la notificación del archivo en autos de copia de la notificación de la decisión, si la hubiere".

Al interpretar la citada disposición en el contexto de los procedimientos judiciales criminales, determinamos que una minuta que recoja en términos claros y precisos la decisión del juez que se pretende revisar, es suficiente para cumplir con el requisito reglamentario de incluir copia literal del dictamen del tribunal de instancia que se impugna.  Pueblo v. Pacheco Armand, res. el 14 de enero de 2000, 2000 T.S.P.R. 4. En esa ocasión reconocimos que debido a la prontitud con que se celebran las distintas etapas del proceso criminal, resulta oneroso requerirles a las partes que no acudan a revisar dictámenes que le son desfavorables hasta que los obtengan por

escrito en una resolución del magistrado de instancia. "Podría resultar académico revisar una decisión adversa, si el juicio o la etapa siguiente en el proceso ya está señalado y la misma no tiene que ser dejada sin efecto por el Tribunal de Primera Instancia al no mediar orden alguna de un tribunal de jerarquía superior por no haber un recurso apelativo incoado. Consecuentemente, se coartarían derechos fundamentales de las partes al desalentar así la revisión de incidentes interlocutorios adversos". Pueblo v. Pacheco Armand, *supra*.

Asimismo, hemos resuelto que el término de cumplimiento estricto para presentar el recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones transcurre a partir de la notificación de la minuta que recoge la decisión que se impugna ante el foro apelativo. Zayas v. Royal Ins. Co. of P.R., Inc., 146 D.P.R. 694 (1998). En ese caso, que trataba sobre un procedimiento de naturaleza civil, la Secretaría del tribunal de instancia había certificado la notificación de copia de dicha minuta a los abogados de las partes.

Precisamente con relación a un procedimiento criminal, en Pueblo v. Olmeda Llanos, res. el 23 de octubre de 2000, 2000 T.S.P.R. 153, resolvimos que si la fecha de la determinación del tribunal *a quo* surge de manera fehaciente de la minuta, y de ésta se desprende que el recurso de revisión fue presentado dentro del término reglamentario, el tribunal apelativo no necesita además, el volante con la fecha de notificación para verificar su jurisdicción. En ese caso, el volante de

notificación no es necesario para que el tribunal pueda cotejar su autoridad para atender el caso.

De otra parte, las Reglas para la Administración del Tribunal de Primera Instancia de 1999 nada disponían sobre el asunto ante nuestra consideración hasta que fueron enmendadas el 16 de junio de 2000. Dicha enmienda dispuso que la minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes. Se aclaró, además, que la Secretaria, como custodia del expediente, podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda. 4 L.P.R.A. Ap. II-B, R.32(b). Como vemos, a pesar de que esta enmienda se refiere al procedimiento de notificación de las minutas ante el Tribunal de Primera Instancia, la misma no dispone de la controversia ante nos.

Como mencionáramos anteriormente, en el caso de autos la cuestión a determinar es cuándo se entiende que la minuta que recoge la decisión impugnada ante el foro apelativo fue notificada, en ausencia de notificación por parte de la Secretaría del tribunal de instancia.

Al atender controversias de esta naturaleza debemos tener presente por un lado, el interés de los litigantes, avalado por legislación, en que las decisiones emitidas por el Tribunal de Primera Instancia, en casos originados allí, puedan ser revisadas por un tribunal colegiado; y, por el otro lado,

considerar el interés de promover el adecuado funcionamiento del Tribunal de Circuito de Apelaciones. Soc. de Gananciales v. García Robles, 142 D.P.R. 241 (1997). El producto de este balance debe asegurar la atención justa, rápida y económica de las controversias que se presentan ante dicho foro. Id. Asimismo, debemos considerar nuestra tendencia a ser flexibles en la interpretación de las leyes y reglamentos que se refieran a los requisitos para la presentación de los recursos apelativos. Soc. de Gananciales v. García Robles, *supra*. Esto con el fin de propiciar que las controversias sean atendidas en sus méritos, desechando el tecnicismo que resultaría o pudiera resultar en una grave injusticia. Id.

Teniendo en consideración los pronunciamientos anteriores, pasemos a atender la controversia del caso de autos.

III.

El señor Rodríguez Ruiz, acusado en este caso, alega que tanto la resolución del tribunal de instancia dictada en corte abierta, como su notificación, se llevaron a cabo el mismo día de la vista; es decir, el 14 de febrero de 2000. Esto, según alega, responde a la práctica que prevalece en el foro de instancia dentro de los procedimientos de índole criminal, de entregar a la mano copia de la minuta al abogado que la solicite, o que en la propia minuta se haga constar su notificación; como aparece en el caso de autos, "cc. Lcdo. Eulalio Díaz Sosa -S.A.L.-. Por lo tanto, se alega que dado que el recurso de

*certiorari* se presentó el 9 de marzo de 2000, éste quedó perfeccionado dentro del término reglamentario correspondiente.

Cabe resaltar que tanto el acusado como el Procurador General coinciden en que la Secretaría de Asuntos de lo Criminal del Tribunal de Primera Instancia no acompaña las minutas emitidas por dicho tribunal con volante de notificación. "En la práctica, la parte peticionaria computa el término para recurrir utilizando la fecha de notificación que aparece en la misma minuta o la fecha en que se transcribió la misma, si es que en la minuta no se indicare la fecha de notificación. De hecho, en ocasiones, las minutas se transcriben el mismo día del acto o de la vista judicial; en otras ocasiones, la minuta se transcribe posteriormente".[2]  (Énfasis en el original).

A lo anterior, el señor Rodríguez Ruiz añade que debido a que la Sociedad para Asistencia Legal posee su oficina regional de Carolina dentro del mismo edificio del tribunal de instancia, se acostumbra a depositar las minutas en su apartado de correo interno en dicho tribunal. Por último, sostiene que la ausencia del volante de notificación en el apéndice del recurso de *certiorari* tampoco es fatal, pues la Regla 34 (E)(1)(b) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, dispone que la inclusión de dicho documento es obligatoria "si la hubiere".

---

[2] Alegato del Procurador General, Pág. 6.

Dadas las circunstancias particulares de este caso, coincidimos con la posición de las partes. Entendemos que no es indispensable que exista un volante de notificación de la Secretaría del Tribunal para que pueda constatarse la jurisdicción del Tribunal de Circuito de Apelaciones, cuando se recurre de un dictamen contenido en una minuta. Particularmente en los procedimientos criminales, la parte no debe estar impedida de solicitar revisión de una decisión adversa contenida en una minuta por el hecho de no tener un volante de notificación de la Secretaría del Tribunal. Véase, Pueblo v. Olmeda Llanos, *supra*. Mas aun cuando la norma general en la práctica, según pudimos constatar, es que las Secretarías de los Tribunales de Primera Instancia no notifican las minutas a los abogados de las partes en los procedimientos criminales.[3]

En vista de lo anterior, debemos expresarnos sobre cuál será la fecha de notificación de una decisión del tribunal de instancia contenida en una minuta, para propósitos de acudir ante el Tribunal de Circuito de Apelaciones en un procedimiento criminal. Resolvemos que, como norma general, cuando el tribunal de instancia tome una determinación en corte abierta, que pueda ser objeto de revisión judicial, la parte perjudicada por la misma deberá informarle al tribunal, ese mismo día y en corte abierta, su propósito de solicitar revisión ante el

---

[3] La Secretaría de este Tribunal consultó a los Jueces Administradores de las catorce (14) Regiones Judiciales (incluido el Tribunal para Asuntos de Menores) y pudo constatar que la práctica general en los procedimientos criminales es que las minutas no se notifiquen a través de Secretaría.

Tribunal de Circuito de Apelaciones.  A su vez, el tribunal de instancia deberá ordenar a la Secretaria de Sala que notifique dicha minuta a todas las partes de manera oficial.  En ese caso, la fecha en que comenzará a decursar el término para solicitar revisión será obviamente la fecha de la notificación oficial de la minuta.  Ahora bien, en los casos excepcionales en que la parte perjudicada por la determinación del tribunal no exprese en dicho momento su propósito de solicitar revisión, y posteriormente decida revisar, la fecha de notificación será la fecha de transcripción de la minuta.

Nuestra decisión se fundamenta en las mismas consideraciones que expresáramos en Pacheco Armand, *supra*, en cuanto a que, dada la naturaleza expedita del procedimiento criminal, resulta oneroso requerirles a las partes que no acudan a revisar dictámenes que le son adversos hasta que el Tribunal emita una resolución u orden donde les notifique dicho dictamen. El proceso apelativo podría resultar académico y acarrear violaciones de derechos constitucionales fundamentales; mas aun cuando estamos ante decisiones, que aunque interlocutorias, podrían ser cardinales para la disposición del caso.

Lo crucial en todo caso, es que se pueda determinar que el recurso fue presentado dentro del término de cumplimiento estricto de treinta (30) días siguientes a la fecha de notificación de la resolución u orden recurrida.  Regla 32 del Reglamento del Tribunal de Circuito de Apelaciones, *supra*.  En el presente caso, esto queda constatado al examinarse la fecha

de la minuta que nos ocupa y la nota en la misma respecto a que se entregó copia al abogado del acusado (cc. Lcdo. Eulalio Díaz Sosa -S.A.L.-).  No hay duda que la fecha que aparece en un volante de notificación es la más certera y precisa para computar el referido término reglamentario.  Ciertamente, la mejor práctica sería que se emitiera una minuta acompañada de un volante de notificación.  Ello no obstante, dado el lenguaje de la Regla 34 antes citado, entendemos que en ausencia de volante o de fecha de notificación, se puede utilizar la fecha de la transcripción de la minuta para calcular el término para acudir en revisión ante el Tribunal de Circuito de Apelaciones.

Se dictará Sentencia de conformidad.


Federico Hernández Denton
Juez Asociado
EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

       vs.

                       CC-2000-436      Certiorari

Jessie O. Rodríguez Ruiz

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 18 de junio de 2002.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca el dictamen del Tribunal de Circuito de Apelaciones y se devuelve el caso a dicho foro para la continuación de los procedimientos, de forma consistente con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez inhibidos.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo