ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **LMD & ASSC, LLC. ("LMDSC") y otros**<br><br>Peticionarios<br><br>v.<br><br>**GENSERV, INC. y OTROS**<br><br>Recurridos | KLCE202401148 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **Fajardo**<br><br>Civil Núm.:<br>**FA2020CV00501**<br><br>Sobre:<br>Daños y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de octubre de 2024.

Comparece ante nos LMD & ASSC Puerto Rico, LLC. (parte peticionaria) y solicita que revoquemos una alegada resolución que el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI), emitió en corte abierta el 27 de septiembre de 2024.[1]

### I.

LMD & ASSC Puerto Rico informa que durante una audiencia celebrada el 27 de septiembre de 2024, el TPI denegó ciertas mociones relacionadas con extensión del descubrimiento de prueba; de utilización de un testigo pericial, así como de toma de deposiciones. Además, expone que lo expresado por el Juez Carlos J. Sánchez Román ocurrió en sala y que nunca se emitió, ni notificó la correspondiente Minuta de la aludida vista. Ello, a pesar de haberlo solicitado tanto en corte abierta como mediante moción.[2]

---

[1] El recurso de *certiorari* fue presentado el 22 de octubre de 2024.

[2] Del expediente surge una *Moción en Solicitud de Resolución y/o Orden* instada el 30 de septiembre de 2024, por LMD & ASSC Puerto Rico, en la cual indica que el 27 de septiembre de 2024 el TPI emitió una serie de determinaciones que incidían directamente sobre el trámite procesal del caso y su debido proceso de ley. Añadió que, en la vista concernida, su representación legal le preguntó al Tribunal si

Por tanto, aduce que el foro *a quo* abusó de su discreción al dictar la referida resolución, razón por la cual nos invita a que la revoquemos de plano.

Junto a su recurso, LMD & ASSC Puerto Rico incluyó una *Moción Urgente en Auxilio de Jurisdicción*. Su objetivo es que paralicemos los procedimientos ante el TPI mientras resolvamos en los méritos el recurso de referencia. Aduce que, en un balance de equidades, si no se suspenden los trámites, se le causarían daños graves e irreparables.

No obstante, según lo expresado por LMD & ASSC Puerto Rico sobre la resolución emitida en corte abierta, no cabe duda de que el recurso de *certiorari* fue presentado prematuramente. Por tanto, nos vemos precisados a desestimarlo por carecer de jurisdicción para intervenir. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *infra.*

## II.

La Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 (D) dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias del TPI se formalizará mediante la presentación de una solicitud dentro de los 30 días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida. Además, precisa que dicho término es de cumplimiento estricto.

Ahora bien, como se sabe, nuestro estado de derecho exige que todas las partes en un litigio sean notificadas adecuadamente

---

emitiría por escrito lo determinado en corte abierta, a lo que el Tribunal alegadamente respondió que no dictaría Orden ni Resolución; que en la minuta se iba a detallar lo resuelto y que desconocía qué detalles iba a contener la minuta porque era la secretaria de sala la que la redactaba. Sin embargo, en su comparecencia, LMD & ASSC Puerto Rico arguyó que dicha minuta no se notificó. Esta moción fue atenida por el foro de instancia, mediante *Orden* dictada el mismo 30 de septiembre de 2024, con la siguiente expresión: *No Ha Lugar* la Moción en Solicitud de Resolución y/o Orden por las mismas razones esbozadas durante la más reciente vista del estado de los procedimientos. Véase, apéndice del recurso, págs.7-8 y 9.

de las sentencias, resoluciones y órdenes judiciales. Véase, Reglas 46 y 65.3(a) de las de Procedimiento Civil de Puerto Rico, 32 LPRA, Ap. V, R. 46 y 65.3(a). Ello como requisito esencial para su efectividad y para su revisión, pues la decisión no surtirá efecto alguno y los términos para los procedimientos *postsentencia* no comenzarán a decursar hasta que ese trámite procesal no se consuma. Así lo ha reiterado nuestra jurisprudencia. *Maldonado v. Junta Planificación*, 171 DPR 46, 57-58 (2007); *Caro v. Cardona*, 158 DPR 592, 599 (2003). Además, es de conocimiento que adjudicarle efectos procesales a una determinación judicial no notificada trastocaría el andamiaje procesal y socavaría los cimientos del debido proceso de ley. *Caro v. Cardona*, supra. Por consiguiente, es a partir de la notificación de la sentencia, resolución u orden que comienzan a transcurrir los términos del recurso de revisión correspondiente.

De otra parte, nuestro estado de derecho también regula la notificación de las minutas. Las Reglas para la Administración del Tribunal de Primera Instancia de Puerto Rico, en específico su Regla 32, inciso (b), 4 LPRA Ap. II-B, R. 32(b), dispone categóricamente que una minuta tendrá que ser notificada a las partes si en ella se incluye una resolución u orden emitida por el juez en corte abierta. A su vez, es necesario que la referida orden sea firmada por el juez o la jueza. *Íd.*[3]

En *Sánchez et als. v. Hosp. Dr. Pila et als.,* 158 DPR 255, 260 (2002), el Tribunal Supremo de Puerto Rico se expresó en cuanto a este aspecto y precisó la norma relacionada al término para recurrir

---

[3] La minuta que no esté certificada por el juez que dictó la orden o resolución, no puede contar con la deferencia y la presunción de corrección de los foros revisores. Ello, debido a que es la firma del juez que impartió la decisión, la que le imprime legitimidad y eficacia a la decisión. Además, garantiza que la determinación fue ponderada por el juzgador de los hechos, quien, a su vez, fue la persona que valoró y tuvo ante sí la prueba sometida por las partes. *Pueblo v. Ríos Nieves*, 209 DPR 264, 281 (2022). Véase, también *Pueblo v. Rodríguez Ruiz*, 157 DPR 288, 295, 297 (2002).

a los foros apelativos de los dictámenes emitidos en corte abierta. En particular, dispuso que los plazos para presentar, tanto una reconsideración, como un recurso de *certiorari* no comienzan a transcurrir por la notificación verbal de una decisión interlocutoria realizada en corte abierta. Todo lo contrario, solo con la notificación por escrito es que los respectivos plazos se activan. *Id.*, a la pág. 262.

Por último, la jurisdicción se refiere al poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos que se sometan ante su consideración. *Pérez López y otros v. CFSE,* 189 DPR 877, 882 (2013). Como es sabido, los tribunales deben ser guardianes celosos de la jurisdicción. Las cuestiones de jurisdicción deben ser resueltas con preferencia, toda vez que la falta de ésta no es susceptible de ser subsanada. El foro judicial carece de discreción para asumir jurisdicción donde no la hay. Si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Hernández Colón v. Policía de Puerto Rico,* 177 DPR 121, 135 (2009); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

**III.**

En la presente causa, la parte peticionaria exterioriza que la minuta de la vista celebrada el 27 de septiembre de 2024 nunca se notificó, a pesar de habérselo solicitado al Tribunal por el contenido de las determinaciones. Sobre el particular, este Tribunal revisó el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC), y pudo constatar, que, en efecto, no existe minuta alguna con dicha fecha.

Según expuesto, nuestro estado de derecho exige que las órdenes y minutas que contengan una orden o resolución dictada en corte abierta sean debidamente notificadas por escrito. En vista

de ello, solo cuando la Secretaría del TPI efectúe dicho trámite es que, en el presente caso, comenzarán a correr los términos para solicitar reconsideración ante el TPI o recurrir en alzada ante este foro revisor. Es claro que el recurso de epígrafe fue presentado prematuramente.[4]

A raíz del incuestionable hecho de que el recurso de epígrafe es uno prematuro, solo poseemos autoridad para desestimarlo por falta de jurisdicción. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009).

## IV.

Por los fundamentos que anteceden y la autoridad que nos confiere la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), desestimamos el recurso de *certiorari* de epígrafe por falta de jurisdicción ante su presentación prematura.

De otra parte, declaramos *No Ha Lugar* la *Moción Urgente en Auxilio de Jurisdicción* incoada por LMD & ASSC Puerto Rico el 22 de octubre de 2024.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Un recurso prematuro es:

> [...] aquél presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. [Cita omitida]
> Una apelación o un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de la falta de jurisdicción.
> Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. Ello explica la exigencia y necesidad de presentar una nueva apelación o recurso y efectuar su notificación dentro del término jurisdiccional.

*Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). (Véase también, *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000)).