ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br>PETICIONARIO<br><br>V.<br><br>LUIS A. CAMPOS COLÓN<br>RECURRIDO | TA2025CE00229 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.<br>J VI2025G0009<br>J VI2025G0010<br>J LA2025G0140<br>J LA2025G0141<br>J LA2025G0142<br>J LE2025G0214<br>J LE2025G0215<br>J LE2025G0216<br><br>Sobre:<br>Art. 93A del CP; Art. 6.05 Ley 168; Art. 6.14 A Ley 168 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de agosto de 2025.

Comparece ante nos el Pueblo de Puerto Rico (peticionario) y nos solicita que revoquemos una *Resolución* emitida y notificada el 9 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] En el referido dictamen, el TPI determinó que las causas criminales imputadas al Sr. Luis A. Campos Colón (señor Campos Colón o recurrido) por infracciones a la *Ley para la Prevención e Intervención con la Violencia Doméstica, infra,* y las causas por infracciones al *Código Penal de Puerto Rico de 2012, infra,* y a la *Ley de Armas de Puerto Rico de 2020, infra,* no se encuentran consolidadas.

---

[1] SUMAC TA, Entrada Núm. 1, Apéndice "Resolución".

Por los fundamentos que esbozamos a continuación, desestimamos el presente recurso por ser prematuro.[2] Nos explicamos.

## I.

El presente caso tiene su génesis el 6 de mayo de 2023, cuando el Ministerio Público presentó tres (3) denuncias en contra del señor Campos Colón por infracciones a la Ley Núm. 54 de 15 de agosto de 1989, conocida como la *Ley para la Prevención en Intervención con la Violencia Doméstica,* 8 LPRA sec. 601 *et seq* (Ley 54). Específicamente, se presentaron dos (2) denuncias mediante las cuales el Ministerio Público le imputó maltrato mediante amenaza así como una (1) denuncia por maltrato, por actos alegadamente cometidos el día 3 del mismo mes y año en contra de la Sra. Jennirma Vega Maldonado (señora Vega Maldonado). Ese mismo día, se celebró una vista de causa probable para arresto en ausencia, al amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6, la cual culminó con una determinación de causa probable en todos los cargos imputados.

Posteriormente, el 9 de agosto de 2023, por hechos alegadamente ocurridos el 6 de mayo de 2023, el Ministerio Público presentó seis (6) denuncias adicionales en contra del recurrido por infracciones a la Ley Núm. 146 de 30 de julio de 2012, conocida como *Código Penal de Puerto Rico de 2012,* 33 LPRA sec. 5001 *et seq.* (Código Penal) y a la Ley Núm. 163 de 11 de diciembre de 2019, conocida como *Ley de Armas de Puerto Rico de 2020,* 25 LPRA sec. 461 *et seq.* (Ley de Armas). En aquella ocasión, se presentó una (1) denuncia por el asesinato en primer grado del señor José Alberto Santiago Sánchez; una (1) denuncia por el mismo delito en su

---

[2] Mediante *Resolución* emitida el 13 de agosto de 2025 ordenamos a la Secretaría del Tribunal de Primera Instancia, Sala de Ponce tramitar en calidad de préstamo los autos originales de la presente causa y, en cumplimiento, la Secretaría remitió los mismos, el 19 de agosto de 2025.

modalidad de tentativa por la tentativa de asesinato de la señora Vega Maldonado; dos (2) denuncias por portación y uso de un arma de fuego sin licencia; y, dos (2) denuncias por disparar un arma de fuego. Igualmente, el TPI halló causa probable para arresto en las referidas denuncias, tras celebrar la vista de causa probable para arresto al amparo de la Regla 6 de Procedimiento Criminal, *supra*.

Pendiente la celebración de la correspondiente vista preliminar, el 14 de marzo de 2025, el Ministerio Público solicitó la consolidación de todas las causas criminales antes señaladas. Lo anterior, toda vez que, según sostuvo el Ministerio Público, los hechos de las causas imputadas están intrínsecamente relacionados entre sí, al formar un alegado evento continuo de violencia doméstica, además de que, la consolidación promovería la economía procesal y facilitaría el desfile de prueba. En adición, la señora Vega Maldonado, perjudicada y principal testigo de cargo en todas las causas, reside fuera de la jurisdicción de Puerto Rico y el Estado tendría que costear su traslado para declarar en dos (2) procedimientos distintos si estos no eran consolidados. Asimismo, esgrimió que la consolidación no le provocaba ningún perjuicio al recurrido. En reacción, el 19 de marzo de 2025, el señor Campos Colón se opuso y, el 20 de marzo de 2025, el Ministerio Público presentó una réplica.

Tras la celebración de una vista argumentativa el TPI declaró ha lugar el petitorio promovido por el Ministerio Público y en su consecuencia mediante una *Resolución* debidamente fundamentada y notificada en autos, ordenó la consolidación de la totalidad de las causas criminales imputadas en contra del señor Campos Colón.[3]

Inconforme, el señor Campos Colón recurrió ante esta Curia (*Petición de certiorari* alfanumérico KLCE202500401) y mediante

---

[3] SUMAC TA, Entrada Núm. 1, Apéndice 4.

una *Resolución* emitida el 5 de mayo de 2025, un panel hermano denegó la expedición del auto de *certiorari*.[4]

Superado lo anterior, el 19 de mayo de 2025, el foro primario dio comienzo a la celebración de la vista preliminar por todos los cargos imputados. Durante la audiencia el señor Campos Colón renunció a que se celebrara la vista preliminar correspondiente a las denuncias por los delitos de la Ley 54, *supra*. Consecuentemente, y tras aceptar la renuncia del recurrido a la vista preliminar, el TPI encontró causa probable para juicio en los tres (3) cargos por la Ley 54, *supra*. En adición, el TPI atendió la vista preliminar por las denuncias bajo el Código Penal, *supra* y la Ley de Armas, *supra*, que culminó el 27 de mayo de 2025 con la determinación de causa probable para juicio por los cargos bajo el Código Penal, *supra* y por tres (3) de los cuatro (4) cargos imputados bajo la Ley de Armas, *supra*.

Subsiguientemente, sin orden judicial que revertiera la previa orden de consolidación notificada en autos, la Secretaría de lo Criminal del TPI procedió a desconsolidar los casos y asignar los casos bajo la Ley 54, *supra*, a la Sala Especializada de Violencia Doméstica 501, mientras que los casos bajo el Código Penal, *supra* y la Ley de Armas, *supra*, fueron asignados a la Sala 506 para la continuación de los procesos por separado.

El 3 de junio de 2025, se celebró la lectura de acusación de los cargos bajo el Código Penal y la Ley de Armas en la Sala 506. El Ministerio Público informó al foro primario que, desde el 14 de marzo de 2025, había notificado su intención de que las causas criminales se mantuvieran consolidadas, pero los casos de violencia doméstica habían sido asignados a la Sala Especializada de Violencia Doméstica 501 de manera administrativa. Por ello el Ministerio

---

[4] SUMAC TA, Entrada Núm. 1, Apéndice 5.

Público reiteró su intención de que los casos continuaran consolidadas según la orden previa del foro primario.

En reacción el recurrido, arguyó que la renuncia a la vista preliminar por los cargos de violencia doméstica provocó que las causas criminales tomaran cursos procesales ordinarios por separado. Por tanto, sostuvo que el Ministerio Público debía solicitar una nueva consolidación si interesaba que se ventilaran ambas causas en un solo juicio.

No obstante lo anterior, el foro primario celebró la lectura de los pliegos acusatorios bajo el Código Penal, *supra* y la Ley de Armas, *supra* y determinó que cualquier solicitud posterior debía ventilarse en la sala correspondiente. Ante ello, el Ministerio Público planteó que, estando ya consolidados, la renuncia a la vista preliminar tuvo el efecto único de relevarlo de presentar prueba por las denuncias cuya vista preliminar fue renunciada y no podía utilizarse como subterfugio para bifurcar los casos. Evaluado lo antes, el foro primario reiteró que los casos de Ley 54, *supra* debían ventilarse en la sala correspondiente por separado. Asimismo, indicó que, si el Ministerio Público tenía la intención de solicitar la consolidación, debía plantearlo formalmente por escrito. [5] Por su parte, el 10 de junio de 2025, el señor Campos Colón presentó una *Moción en Oposición a la Consolidación de Casos*,[6] a la cual el Ministerio Público replicó.[7]

El 25 de junio de 2025, el TPI celebró una vista argumentativa sobre las respectivas mociones. Tras evaluar las posturas de ambas partes, el 9 de julio de 2025, el foro primario emitió y notificó la *Resolución* recurrida.[8] En síntesis, entendió que la consolidación de

---

[5] Cabe señalar que la lectura de acusación de los pliegos bajo la Ley 54 se celebró en la Sala 506, en horas de la tarde de ese mismo día, por la Jueza Superior a cargo de la Sala Especializada de Violencia Doméstica 501.
[6] SUMAC TA, Entrada Núm. 1, Apéndice 6.
[7] *Íd.,* Apéndice 7.
[8] SUMAC TA, Entrada Núm. 1, Apéndice "Resolución".

las causas criminales se circunscribió a la etapa preliminar del procedimiento criminal. Asimismo, rechazó que la *Resolución* del Tribunal de Apelaciones constituía la ley del caso. Más bien, apreció que el dictamen emitido por el foro apelativo intermedio fue vinculante únicamente para la etapa de vista preliminar. Además, entendió que, dada la posición del Ministerio Público de que no procedía una nueva solicitud de consolidación, no se encontraba en posición de resolver si los casos pueden consolidarse.

Inconforme, el 14 de julio de 2025, el Ministerio Público incoó una *Urgente Moción en Solicitud de Reconsideración*.[9] Por su parte, el 18 de julio de 2025, el señor Campos Colón instó una *Moci[ó]n en Oposici[ó]n a la Reconsideraci[ó]n del Ministerio P[ú]blico a la Consolidaci[ó]n de Casos*.[10] Ademas, el 21 de julio de 2025, el Ministerio Público presentó una *Moci[ó]n Urgente en Solicitud de Determinaci[ó]n*.[11] En dicho escrito, solicitó al TPI que notificara su determinación a la solicitud de reconsideración de manera que pudiera recurrir en caso de que ésta fuera adversa, en vista de que el juicio por los cargos bajo el Código Penal y la Ley de Armas estaba señalado para el 22 de julio de 2025.

Surge de los autos originales ante nos que, durante la vista celebrada el 31 de julio de 2025, el TPI reafirmó en corte abierta la determinación emitida mediante *Resolución* recurrida. En su consecuencia declaró no ha lugar la solicitud de reconsideración promovida por el Ministerio Publico. Inmediatamente y según surge de la minuta de la vista, el Ministerio Público indicó que no se encontraba preparado para iniciar el juicio en sus méritos debido a que era su intención recurrir de la determinación judicial. Abundó que, de lo contrario, el juicio comenzaría de manera fraccionada y

---

[9] *Íd.*, Apéndice 9.
[10] SUMAC TA, Entrada Núm. 1, Apéndice 10.
[11] *Íd.*, Apéndice 11.

ello tornaría académica la controversia. Por lo que reiteró que el foro primario emitiera y notificara su determinación de denegar la moción de reconsideración, por escrito.

El foro primario recalcó que no había impedimento para comenzar el juicio y declaró no ha lugar la solicitud de suspensión de juicio del Ministerio Público si su fundamento era la intención de recurrir de la determinación. De otro lado, el foro *a quo* señaló el comienzo del juicio para el 1 de agosto de 2025, de modo que la señora Vega Maldonado pudiera comparecer ante el tribunal.

Insatisfecho, el mismo día, 31 de julio de 2025, el peticionario, a través de la Oficina del Procurador General, presentó ante esta Curia una *Petición de Certiorari*.[12] Asimismo, interpuso una *Urgente Solicitud de Auxilio de Jurisdicción y Solicitud de Paralizar Intento del Foro Primario de Comenzar Juicio Hoy*.[13] En su petitorio, señala al foro *a quo* por la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al determinar que la renuncia a unos cargos en la etapa de vista preliminar tuvo el efecto de separar a estos de otros cargos a los cuales previamente habían sido consolidados.
>
> Erró el Tribunal de Primera Instancia al concluir que la *Resolución* emitida por este Augusto Foro en el caso número KLCE202500401 no determinó la finalidad y firmeza de la orden de consolidación de todos los cargos emitida por el foro primario previamente.

Mediante *Resolución*, el 31 de julio de 2025, un Panel Especial de Verano de esta Curia declaró *Ha Lugar* la solicitud en auxilio de jurisdicción del peticionario, ordenó la paralización inmediata de los procedimientos ante el TPI y presentación de alegato en oposición.[14]

En cumplimiento, el 11 de agosto de 2025, el señor Campos Colón compareció mediante un *Memorando en Oposición a Petición de Certiorari*.[15] Cabe destacar que el recurrido señala, *inter alia*, que en la *Petición de certiorari* no se acompañó la minuta firmada por la

---

[12] SUMAC TA, Entrada Núm. 1.
[13] *Íd.,* Entrada Núm. 2.
[14] *Íd.,* Entrada Núm. 4.
[15] *Íd.,* Entrada Núm. 5.

Jueza Superior en la que declaró *no ha lugar*, en corte abierta, la reconsideración ni una resolución a esos efectos, por lo que sostiene que el presente recurso no se encuentra perfeccionado. Por consiguiente, arguye que esta Curia carece de jurisdicción para atenderlo. En reacción el peticionario instó una *Moción Informativa y Oposición A Solicitud de Desestimación*. En esencia sostiene que, la alegada falta de jurisdicción se subsana con la presentación de la regrabación de la vista celebrada el mismo día que recurrió ante nos. A lo antes se opuso el recurrido mediante *Réplica A Moción Informativa y Oposición A Solicitud De Desestimación; De Desestimación y Remedio Al Amparo Del Debido Proceso de Ley* presentada el 19 de agosto de 2025.

Con el beneficio de la comparecencia de ambas partes, y los autos originales, procedemos a disponer del presente asunto no sin antes esbozar las normativas jurídicas aplicables.

## II.

### A. Jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello por lo que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar la controversia. *Íd.*; *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. *Municipio de Aguada v. W. Construction, LLC y otro, supra.*

En ese sentido, en reiteradas ocasiones, el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Municipio de Aguada v. W. Construction, LLC y otro, supra.*

De ese modo, la ausencia de jurisdicción conlleva consecuencias tales como que no puede ser susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el deber ineludible de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386.

Como es sabido, un recurso **prematuro**, al igual que uno tardío, **priva de jurisdicción al tribunal al cual se recurre**. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 415 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). De ese modo, si un tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación, sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y*

*otro, supra.* Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank, supra.*

A esos efectos, la Regla 83 (B) (1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B) (1), dispone que una parte podrá, en cualquier momento, solicitar la desestimación de un recurso presentado porque, *inter alia,* esta Curia carece de jurisdicción. Asimismo, la Regla 83 (C) del referido reglamento, *supra,* faculta al foro apelativo intermedio a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. Ahora bien, la Regla 83 (E), *supra,* establece que cuando se presente un recurso prematuro por estar pendiente una solicitud de reconsideración ante el foro *a quo,* esta Curia podrá, *motu proprio* o a solicitud de parte, tomar medidas mientras se dilucida la moción para facilitar el trámite apelativo posterior en aras de la economía procesal y de la reducción de costos de las partes.

Ciertamente, la falta de jurisdicción es un defecto que no puede ser subsanado. No obstante, cabe señalar que "**la desestimación de un recurso por prematuro permite a la parte afectada presentarlo nuevamente en el momento oportuno**." *Pueblo v. Rivera Ortiz, supra,* pág. 415 (énfasis suplido).

### B. Dictámenes emitidos en corte abierta y reconsideraciones en el procedimiento criminal

Pertinente a la controversia ante nos, destacamos lo dispuesto por nuestro Tribunal Supremo en *Pueblo v. Román Feliciano,* 181 DPR 679, 693 (2011) referente al efecto procesal de una solicitud de reconsideración sobre el término para acudir en revisión judicial de una determinación interlocutoria en un caso de naturaleza penal. Específicamente, el Más Alto Foro judicial indicó que:

Ante el vacío normativo que existe en cuanto al efecto procesal de la presentación de una solicitud de reconsideración sobre el término para acudir en alzada ante el Tribunal de Apelaciones, lo más prudente es, persuadiéndonos la recomendación del Comité Asesor Permanente de Reglas de Procedimiento Criminal, determinar que una oportuna moción de reconsideración de una resolución u orden interlocutoria durante un proceso penal **interrumpe el referido término de treinta días para acudir mediante *certiorari* ante el Tribunal de Apelaciones**. Así, el término comenzará **cuando se notifique la resolución que resuelva la solicitud de reconsideración**.

*Íd.* (énfasis nuestro).

De otra parte, la Regla 32 (B) del Reglamento para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, R. 32 (B), dispone lo siguiente:

(1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala.

La minuta original se unirá al expediente judicial. [...]

[...]

La minuta no será notificada a las partes o a sus abogados, **salvo que incluya una *resolución u orden emitida por el juez o la jueza en corte abierta*, en cuyo caso será firmada por el juez o la jueza y notificada a las partes**.

4 LPRA Ap. II-B, R. 32 (B) (negrillas y énfasis suplidos).

Cónsono con lo anterior, el Máximo Foro judicial ha establecido que para que esta Curia pueda revisar una decisión del foro de instancia, "[l]o esencial es que se acompañe copia del documento en sí que recoge la decisión." *Pueblo v. Rodríguez,* 167 DPR 318, 324 (2006) (citando a *Pueblo v. Pacheco Armand,* 150 DPR 53, 58 (2000)). Asimismo, en los casos criminales se ha reconocido que una decisión judicial puede recogerse válidamente en una minuta siempre que esta recoja en términos claros y precisos la decisión del tribunal que se pretender revisar. *Pueblo v. Rodríguez Ruiz,* 157 DPR 288, 293 (2002).

En adición, nuestro Más Alto Foro judicial ha resuelto que, como norma general, cuando el foro de instancia toma una determinación en corte abierta que puede ser objeto de revisión judicial, la parte perjudicada deberá informarle, ese mismo día y en corte abierta, su intención de solicitar revisión ante los foros apelativos. *Pueblo v. Ríos Nieves, supra,* págs. 276-277; *Pueblo v. Rodríguez Ruiz, supra*, pág. 297. Además, ha expresado que el foro *a quo* deberá ordenar a la Secretaría de Sala que notifique la minuta a todas las partes de manera oficial. *Pueblo v. Ríos Nieves, supra,* pág. 277; *Pueblo v. Rodríguez Ruiz, supra*, pág. 295. En ese sentido, **el término prescriptivo para solicitar la revisión comenzará a transcurrir a partir de la fecha de la notificación de la minuta**. *Pueblo v. Ríos Nieves, supra,* pág. 277; *Pueblo v. Rodríguez Ruiz, supra*, pág. 295.

Por otro lado, cuando la parte perjudicada no exprese su intención de recurrir y posteriormente decida hacerlo, la fecha de notificación será la fecha de la transcripción de la minuta firmada. *Pueblo v. Ríos Nieves, supra,* pág. 277; *Pueblo v. Rodríguez, supra*, pág. 328. Ello por cuanto resultaría oneroso, dada la naturaleza expedita del procedimiento criminal, requerirles a las partes que no acudan a revisar dictámenes adversos hasta que se emita una resolución u orden en la cual se les notifique dicho dictamen. *Pueblo v. Ríos Nieves, supra*, pág. 277.

No obstante, es preciso destacar lo siguiente:

[I]ndependientemente de si la parte desfavorecida en un procedimiento criminal interlocutorio notificó o no en corte abierta su intención de recurrir al foro revisor, **es deber indispensable del juez o de la jueza que presidió el procedimiento criminal y dictó la resolución en corte abierta, firmar la minuta y notificar a las partes su determinación**.

*Pueblo v. Ríos Nieves, supra*, pág. 283 (negrillas en el original).

**III.**

Conforme la normativa antes expuesta y como cuestión de umbral, nos corresponde como foro apelativo cumplir nuestro deber de examinar la jurisdicción antes de entrar en los méritos del recurso ante nuestra consideración.

Al entender sobre la presente causa, observamos que, el peticionario recurre de una determinación interlocutoria emitida el 9 de julio de 2025, la cual fue objeto de una oportuna solicitud de reconsideración promovida por el Ministerio Público. Justipreciada las posturas de las partes, el foro primario adjudicó el referido petitorio, sin embargo, el mismo fue resuelto **en corte abierta** el 31 de julio de 2025 por la Jueza Superior que preside los procedimientos criminales correspondientes a los cargos imputados según el Código Penal, *supra* y la Ley de Armas, *supra*.

Sin embargo, de un examen minucioso de los autos originales y el expediente ante nos, no surge una resolución a esos fines o la notificación de la minuta de la antedicha vista, firmada por la Jueza Superior, conforme exige y requiere nuestro ordenamiento jurídico.

Es decir, **hasta el día de hoy**, y a pesar de la solicitud hecha por el Ministerio Público en corte abierta, durante la vista celebrada el 31 de julio de 2025, *el foro primario no ha emitido una resolución ni ha ordenado la notificación de la minuta firmada en la que se recoge su determinación.*

Cónsono con nuestro ordenamiento jurídico, los términos para recurrir de la determinación interlocutoria no comenzarán a transcurrir hasta tanto suceda la notificación de una resolución a esos fines, o la notificación de la minuta de la vista en cuestión, firmada por la Jueza Superior. En ausencia de cumplimiento de lo anterior por el foro primario se impide la revisión judicial como derecho de las partes a un debido proceso de ley.

En ese sentido, no nos cabe la menor duda de que, una vez cuente con los autos originales del caso, el TPI estará en posición de hacer constar su adjudicación de la moción de reconsideración por una resolución debidamente notificada o, en la alternativa, firmar la minuta en la cual consta su determinación y emitir la orden correspondiente para notificar la minuta de la referida vista, de manera que las partes puedan ejercer su derecho a solicitar la revisión judicial que entiendan procedente.

Cabe destacar que, el peticionario ripostó el planteamiento del recurrido sobre la falta de jurisdicción a través de una *Moción Informativa y Oposición a Solicitud de Desestimación,* presentada ante nos el 13 de agosto de 2025.[16] Arguyó que, si bien al momento de presentar su *Petición de certiorari* no existía una resolución o una minuta firmada por el TPI que recogiera la determinación en corte abierta, es suficiente que esta Curia cuente con la regrabación de los procedimientos en la vista aducida, la cual acompañó junto con su moción, a lo cual se opuso el recurrido. Evaluado lo antes, no procede la solicitud del peticionario. En el presente caso, el expediente ante nos está huérfano del dictamen requerido para acceder al foro apelativo en revisión judicial. Nuestra jurisdicción no puede ser subsanada por el peticionario mediante la presentación, con posterioridad a la fecha en la que instó su petición de *certiorari,* de la regrabación de los procedimientos ante el TPI. Véase, además, lo resuelto por el Alto Foro en *Pueblo v. Roman Feliciano,* supra.

Consecuentemente, el presente recurso es prematuro lo cual nos priva de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, desestimamos el presente recurso de *certiorari* por falta de jurisdicción para entender

---

[16] SUMAC TA, Entrada Núm. 7.

en el mismo por ser prematuro. Asimismo, dejamos sin efecto la *Resolución* emitida y notificada el 31 de julio de 2025 por el Panel Especial de Verano de esta Curia.

**Notifíquese inmediatamente a las partes, sus representantes legales, a la Honorable Jueza Rubimar Miranda Rivera y a la Honorable Jueza Administradora, Lissette Toro Vélez**.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones