Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| WILDALIZ ARROYO ECHEVARRÍA Y SU ESPOSO JOSE LUIS LORENZO VALENTÍN Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Recurridos<br><br>v.<br><br>ANTONIO RAMOS MONTALVO Y SU ESPOSA NORMA PÉREZ JUNTO A LA SOCIEDAD LEGAL DE GANANCIALES QUE AMBOS COMPONEN Y ESTAS DOS ÚLTIMAS EN CUANTO A CUALQUIER INTERÉS QUE PUEDAN TENER O AFECTARSE EN ESTE PROCESO JUDICIAL COMO CONSECUENCIA DE LA CONDUCTA DE SU ESPOSO; IDALÍ RAMOS MONTALVO Y SU ESPOSO FULANO DE TAL JUNTO A LA SOCIEDAD LEGAL DE GANANCIALES QUE AMBOS COMPONEN Y ESTOS DOS ÚLTIMOS EN CUANTO A CUALQUIER INTERÉS QUE PUEDAN TENER O AFECTARSE EN ESTE PROCESO JUDICIAL COMO CONSECUENCIA DE LA CONDUCTA DE SU ESPOSA; ANDREA RAMOS MONTALVO Y SU ESPOSO JUAN FRANCISCO CRESPO TORRES JUNTO A LA SOCIEDAD LEGAL DE GANANCIALES QUE AMBOS COMPONEN Y ESTOS DOS ÚLTIMOS EN CUANTO A CUALQUIER INTERÉS QUE PUEDAN TENER O AFECTARSE EN ESTE PROCESO JUDICIAL COMO CONSECUENCIA DE LA CONDUCTA DE SU ESPOSA; VIDAL RAMOS MONTALVO Y SU ESPOSA SUTANA JUNTO A LA SOCIEDAD LEGAL DE GANANCIALES QUE AMBOS COMPONEN Y ESTAS DOS ÚLTIMAS EN CUANTO A CUALQUIER INTERÉS QUE PUEDAN TENER O AFECTARSE EN ESTE PROCESO JUDICIAL COMO CONSECUENCIA DE LA CONDUCTA DE SU ESPOSO; JOSEFA RAMOS MONTALVO Y SU ESPOSO PERENCEJO JUNTO A LA SOCIEDAD LEGAL DE GANANCIALES QUE AMBOS COMPONEN Y ESTOS DOS | KLCE202500630 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br>Caso número: AÑ2024CV00382<br><br>Sobre: Daños y otros |

Número Identificador

SEN2025 _____

| ÚLTIMOS EN CUANTO A CUALQUIER INTERÉS QUE PUEDAN TENER O AFECTARSE EN ESTE PROCESO JUDICIAL COMO CONSECUENCIA DE LA CONDUCTA DE SU ESPOSA; JUAN DEL PUEBLO, PERSONA DESCONOCIDA CON INTERÉS EN LA FINCA NÚMERO 9,206 DE AÑASCO; COMPAÑÍA ASEGURADORA ABC, CUYA IDENTIDAD SE DESCONOCE, EMPRESA DE SEGURO QUE HA EMITIDO UNA PÓLIZA ASEGURANDO LOS RIESGOS Y DAÑOS PROVENIENTES DE LA CONDUCTA TORTICERA DE LOS DEMANDADOS HACIA LOS DEMANDANTES<br><br>Peticionarios | | |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 16 de junio de 2025.

Comparece la parte peticionaria, Antonio Ramos Montalvo *et al.*, mediante un recurso de *certiorari* y nos solicita que revoquemos la orden contenida en la *Minuta* notificada por el Tribunal de Primera Instancia, Sala Superior de Añasco, el 25 de marzo de 2025. Mediante la referida *Minuta*, el foro primario, en lo pertinente, declaró No Ha Lugar una solicitud de traslado promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción. Veamos.

### I

Luego de varios trámites procesales, en un pleito sobre sentencia declaratoria, así como daños y perjuicios, incoado el 25 de noviembre de 2024,[1] Antonio Ramos Montalvo, Norma Pérez, la sociedad legal de gananciales compuesta por ambos; Idalí Ramos Montalvo, Fulano de Tal y la sociedad legal de gananciales

---

[1] Anejo 3 del recurso, págs. 13-20.

compuesta por ambos; Andrea Ramos Montalvo, Juan Francisco Crespo Torres y la sociedad legal de gananciales compuesta por ambos; Vidal Ramos Montalvo, Sutana y la sociedad legal de gananciales compuesta por ambos; Josefa Ramos Montalvo, Perencejo y la sociedad legal de gananciales compuesta por ambos; entre otros codemandados (peticionarios), presentaron una *Moci[ó]n de Traslado* el 5 de marzo de 2025.[2]

Posteriormente, el Tribunal de Primera Instancia emitió varias órdenes en corte abierta en una vista celebrada el 6 de marzo de 2025. Esos dictámenes fueron transcritos y notificados a las partes el 25 de marzo de 2025 en la *Minuta* que nos ocupa.[3] Mediante el referido escrito, el foro primario, en lo pertinente, declaró No Ha Lugar la solicitud de traslado promovida por la parte peticionaria.

En desacuerdo, el 19 de marzo de 2025, la parte peticionaria presentó una *Moci[ó]n de Reconsideraci[ó]n*,[4] a la cual se opuso la parte recurrida, Wildaliz Arroyo Echavarría, José Luis Lorenzo Valentín y la sociedad legal de gananciales compuesta por ambos, el 23 de abril de 2025.[5] Atendida la solicitud, el 7 de mayo de 2025, notificada al día siguiente, el foro *a quo* emitió una *Orden* mediante la cual declaró No Ha Lugar la solicitud de reconsideración.[6]

Inconforme, el 9 de junio de 2025, la parte peticionaria acudió ante nos mediante el presente recurso y señaló el siguiente error:

> Erró el TPI al declarar [N]o [H]a [L]ugar la [M]oción de [T]raslado en contravención [a] lo establecido por la Oficina de Administración de los Tribunales en la Orden Administrativa II, Normas Administrativas sobre Presentación y Referimiento de Casos en [el] Tribunal de Primera Instancia y la CIRCULAR Núm. 25-1994-1995, del 30 de enero de 1995, por exceder la reclamación de $50,000.00.

---

[2] Anejo 5 del recurso, págs. 25-26.
[3] Anejo 6 del recurso, págs. 27-28.
[4] Anejo 7 del recurso, págs. 29-34.
[5] Anejo 8 del recurso, págs. 35-40.
[6] Anejo 9 del recurso, pág. 41.

Hemos examinado con detenimiento el presente recurso y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B, R. 7(b)(5). Resolvemos.

## II

## A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank,* supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

El Tribunal Supremo de Puerto Rico ha reiterado la importancia de notificar correctamente a las partes del pleito una resolución u orden interlocutoria. *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 DPR 255, 260 (2002). Ello es de suma importancia para que se activen y comiencen a transcurrir los términos jurisdiccionales o de cumplimiento estricto, de forma tal, que los Foros apelativos puedan revisarlas. *Íd.*

Una notificación correcta debe incluir el que las órdenes o resoluciones interlocutorias se encuentren debidamente firmadas por el juez o la jueza que ha tomado la determinación, bien sea mediante resolución escrita o de una notificación de una minuta que prepara el personal de la secretaría y es avalada por la firma del juez o la jueza que la emitió verbalmente en corte abierta. *Sánchez et als. v. Hosp. Dr. Pila et als.*, supra, pág. 262; *Cárdenas Maxán v. Rodríguez,* 119 DPR 642 (1987). Sobre ese particular, la Regla 32(b)(1) de las Reglas para la Administración del Tribunal de Primera

Instancia del Estado Libre Asociado de Puerto Rico (1999), 4 LPRA Ap. II-B, R. 32(b)(1), dispone lo siguiente:

> La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala.
>
> La minuta original se unirá al expediente judicial. En aquellos casos consolidados, la minuta original será unida al expediente de mayor antigüedad. Se incluirá copia de la minuta en los expedientes consolidados restantes.
>
> [...]
>
> **La minuta no será notificada a las partes o a sus abogados [o abogadas], salvo que incluya una resolución u orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes**. (Énfasis nuestro).
>
> [...]

De la precitada regla surge que, si se recurre de una decisión que consta en una minuta, se debe notificar adecuadamente a todas las partes para que comience a transcurrir el término para acudir ante los Foros apelativos. *Pueblo v. Rodríguez Ruiz*, 157 DPR 288 (2002). La corrección de dichas resoluciones u órdenes tienen el efecto de determinar si un Tribunal apelativo tiene jurisdicción sobre un recurso.

En consecuencia, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366-367 (2001); *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997). Esto es, cuando la controversia no está debidamente delineada, definida y concreta. *Íd.* Ello tiene como resultado que se priva la jurisdicción del Tribunal al que se recurre. *Íd.* La presentación de un recurso prematuro carece de eficacia y no produce ningún efecto jurídico, pues al momento de su presentación no existe autoridad judicial para acogerlo. *Pueblo v.*

*Santana Rodríguez*, 148 DPR 400 (1999). En ese sentido, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B, R. 83(B)(1) y (C), permite que este Foro revisor intermedio desestime a iniciativa propia aquellos casos en los que no tiene jurisdicción.

A la luz de la normativa antes expuesta, procedemos a disponer de la controversia ante nuestra consideración.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.*

Según esbozamos, para que una minuta pueda convertirse en un dictamen revisable, debe ser firmada por el juez o la jueza y notificada a las partes. Así, pues, una vez se notifique oportunamente a las partes la minuta en cuestión con la firma del juzgador, comenzarán a transcurrir los términos correspondientes para solicitar reconsideración o acudir en alzada ante este Foro apelativo. Hasta tanto ello no ocurra, el dictamen no está sujeto a revisión ante el Tribunal de Apelaciones, pues dicho Foro carece de jurisdicción.

En el presente caso, la determinación cuya revisión nos solicita la parte peticionaria quedó estampada en la *Minuta* notificada el 25 de marzo de 2025, por la celebración de una vista el 6 del mismo mes y año. Sin embargo, del expediente ante nos no surge que el Tribunal de Primera Instancia haya notificado dicha *Minuta* como una resolución, ni existe firma del juzgador o documento alguno que acredite dicha resolución. Por lo tanto, no ha comenzado a transcurrir el término aplicable para acudir ante esta Curia.

En vista de que lo anterior nos impide resolver el error planteado por la parte peticionaria, toda vez que carecemos de jurisdicción para evaluar el caso en los méritos por este ser prematuro, procede desestimar el recurso.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones