ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**VALERY CUETO GONZÁLEZ**<br><br>Peticionaria | TA2026CE00234 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.:<br>**D MG2025M0164**<br><br>Sobre:<br>Inf. Art. 279 CP |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Comparece ante nos, Valery Cueto González (parte peticionaria) y solicita la revisión de la determinación emitida en corte abierta el 9 de enero de 2026, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón, consignada en la *Minuta* transcrita el 20 de enero de 2026. Mediante la misma, el TPI declaró *No Ha Lugar* cierta petición de descubrimiento de prueba instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

### I.

Según surge del expediente, por hechos acaecidos el 24 y 25 de junio de 2025, el 7 de noviembre de 2025 el Ministerio Público presentó una denuncia contra Cueto González por violar el Artículo 279 (b) del Código Penal de Puerto Rico, Ley Núm. 145-2012, 33 LPRA sec. 5372, sobre desobedecer cualquier decreto, mandamiento, citación u orden del tribunal. El Tribunal determinó causa para el arresto en contra de Cueto González.

El 25 de noviembre de 2025, Cueto González incoó una solicitud de descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal. El 11 de diciembre de 2025 el Ministerio Público contestó el referido petitorio.

En lo pertinente al recurso que nos ocupa, durante una audiencia celebrada el 9 de enero de 2026, Cueto González requirió el material que surgió luego de que se ocupara su teléfono celular como parte de la investigación llevada a cabo por el Ministerio Público. Además, solicitó el sistema utilizado para extraer la información digital del celular. El Ministerio Público se opuso.

Evaluados los argumentos, el TPI declaró *No Ha Lugar* la solicitud del contenido de los celulares e hizo constar que no era pertinente para el caso. **La resolución fue emitida en corte abierta** por la Hon. María de L. Camareno Dávila. La defensa solicitó copia de la minuta, a lo que el tribunal accedió.

En desacuerdo con la denegatoria a su solicitud relacionada al descubrimiento de prueba, Cueto González acude ante este Foro y alega que el foro de instancia cometió los siguientes errores:

> ERRÓ GRAVE Y MANIFIESTAMENTE EL TRIBUNAL DE INSTANCIA AL DAR POR CULMINADO EL DESCUBRIMIENTO DE PRUEBA POR PARTE DEL MINISTERIO PÚBLICO A PESAR DE NUESTRA OBJECIÓN YA QUE ESTÁ PRIVANDO A LA RECURRENTE DEL ACCESO A EVIDENCIA PERTINENTE A LA CAUSA PROBABLE PARA LA EXPEDICIÓN DE LA ORDEN DE REGISTRO Y ALLANAMIENTO. ESTO POR CONCLUIR QUE AL PRESUMIRSE VÁLIDA Y NO ES REBATIBLE.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DAR AUXILIO A LA RECURRENTE PARA EL REQUERIMIENTO DE EVIDENCIA PERTINENTE A LA CAUSA PROBABLE Y A LA SUFICIENCIA DE LA DECLARACIÓN JURADA Y DE LA ORDEN DE REGISTRO Y ALLANAMIENTO

El 18 de marzo de 2026, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General de Puerto Rico (parte recurrida), solicitó la desestimación del recurso. Alegó que: (1) Cueto González presentó una *Minuta* que no está firmada por la jueza que

emitió el dictamen del cual recurría y (2) la referida *Minuta* no fue notificada al Ministerio Público. Adujo que ello acarreaba a la falta de jurisdicción de este Foro para adjudicar la controversia.

**II.**

**A.**

Como es sabido, la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. *Municipio de Río Grande y otro v. Adquisición de Finca 27.661 de la Urbanización Industrial Las Flores, del Término Municipal de Río Grande y otros*, 2025 TSPR 36, resuelto el 4 de abril de 2025; *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024), citando a *Pueblo v. Torres Medina*, 211 DPR 950 (2023).[1] Por tanto, "el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional". *R&B Power, Inc. v. Junta de Subastas ASG*, supra, citando a *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

Los tribunales deben ser guardianes celosos de la jurisdicción. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018). En ese sentido, la ausencia de jurisdicción trae consigo varias consecuencias, entre las cuales se encuentra el que no sea susceptible de ser subsanada; que las partes no puedan conferírsela voluntariamente al tribunal como tampoco puede esta arrogársela; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso y; que pueda ser presentada en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020).

---

[1] Véase, además, *Cobra Acquisitions, LLC v. Mun. de Yabucoa*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022).

**B.**

La Regla 32 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 49-50, 215 DPR __ (2025), dispone que el recurso de *certiorari* debe presentarse dentro de los 30 días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Además, especifica que dicho término es de cumplimiento estricto.

En cuanto a los dictámenes recogidos en minutas, el Tribunal Supremo de Puerto Rico ha manifestado que una decisión judicial en un proceso penal puede constar válidamente en una minuta del tribunal, siempre y cuando recoja en términos claros la decisión que se pretende revisar. Sin embargo, enfatizó en que **esa determinación judicial tiene que contar con la firma del juez o de la jueza que la emitió.** *Pueblo v. Ríos Nieves*, 209 DPR 264, 275 (2022). (Énfasis nuestro).[2]

En armonía con lo anterior, las Reglas para la Administración del Tribunal de Primera Instancia de Puerto Rico, en específico su Regla 32, inciso (B)(1), 4 LPRA Ap. II-B, R. 32(B)(1), dispone categóricamente que una minuta tendrá que ser notificada a las partes si en ella se incluye una resolución u orden emitida por el juez en corte abierta. A su vez, es necesario que la referida orden sea firmada por el juez o la jueza. *Íd.*

La minuta que no esté certificada por el juez que dictó la orden o resolución, no puede contar con la deferencia y la presunción de corrección de los foros revisores. Ello, debido a que es la firma del juez que impartió la decisión, la que le imprime legitimidad y eficacia a la decisión. Además, garantiza que la determinación fue

---

[2] Citando a *Pueblo v. Rodríguez Ruiz*, 157 DPR 288, 297-298 (2002).

ponderada por el juzgador de los hechos, quien, a su vez, fue la persona que valoró y tuvo ante sí la prueba sometida por las partes. *Pueblo v. Ríos Nieves*, supra, pág. 281.

### III.

En la presente causa, atenderemos con primacía el asunto jurisdiccional traído a nuestra atención.

La parte peticionaria recurre de la determinación incluida en la *Minuta* de la vista celebrada el 9 de enero de 2026. La parte recurrida alega que no poseemos jurisdicción para atender los méritos del recurso.

Examinado el expediente, colegimos que le asiste la razón a la parte recurrida. Según expuesto, nuestro estado de derecho exige que, para que una resolución dictada en corte abierta y acogida dentro de una minuta tenga legitimidad y eficacia es indispensable que esta: (1) sea debidamente notificada por escrito a las partes y (2) tenga la firma del juez o de la jueza que emitió el dictamen interlocutorio.

En el caso de autos, el dictamen impugnado emitido en corte abierta se recogió en la transcripción de la *Minuta*, pero no cuenta con la firma de la jueza Camareno Dávila. Tampoco fue notificada por escrito al Ministerio Público. Ante ello, la *Minuta* carece de eficacia en cuanto al cálculo del término para acudir ante este Foro intermedio y torna el recurso de referencia en prematuro.[3] El aludido

---

[3] Un recurso prematuro es:

> [...] aquél presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. [Cita omitida]
> Una apelación o un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de la falta de jurisdicción.
> Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. Ello explica la exigencia y necesidad de presentar una nueva apelación o recurso y efectuar su notificación dentro del término jurisdiccional.

*Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). (Véase también, *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000)).

término comenzará a transcurrir una vez se notifique la *Minuta* transcrita con la firma de la jueza.

A raíz del incuestionable hecho de que el recurso de epígrafe es uno prematuro, solo poseemos autoridad para desestimarlo por falta de jurisdicción. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009).

La decisión a la que hoy llegamos no es óbice para que, una vez el TPI notifique su dictamen correctamente, la parte peticionaria acuda ante este Foro, de entenderlo necesario.

**IV.**

Por los fundamentos que anteceden, declaramos *Ha Lugar* la *Solicitud de Desestimación* incoada por el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General de Puerto Rico.

En consecuencia, desestimamos el recurso de *certiorari* de epígrafe por falta de jurisdicción ante su presentación prematura. Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, *supra*, págs.115-116.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


                                        Lcda. Lilia M. Oquendo Solís
                                 Secretaria del Tribunal de Apelaciones